DLD-180

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1396
_____

WAYNE PETTAWAY,
                                        Appellant

v.

SCI ALBION;
DEPARTMENT OF CORRECTION CAMP HILL

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 1-11-cv-00158)
Magistrate Judge: Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 10, 2012

Before:  AMBRO, JORDAN AND VANASKIE, Circuit Judges

(Opinion filed: May 22, 2012)
_____

OPINION
_____

PER CURIAM

        Appellant Wayne Pettaway, an inmate at the State Correctional Institution at

Albion, Pennsylvania ("SCI-Albion"), initiated a civil rights action against SCI-Albion

and the state Department of Corrections ("DOC") in the United States District Court for the Western District of Pennsylvania by filing a motion for injunctive relief. His complaint was filed thereafter, and in it Pettaway alleged that the DOC improperly deducted court costs and fees from his prison account, pursuant to Act 84, over a period of years despite the fact that his "commitment order" provided that his fine and court costs were to be paid by Allegheny County. Pettaway sought money damages.

Pettaway later filed a "supplemental" complaint, in which he provided certain details about his attempt to grieve the "theft" of his funds through prison channels. He provided a portion of the transcript from sentencing, wherein the trial judge stated: "And I will put costs on the county," and another item indicating that those costs totaled $605.19 for two different convictions. Still another item, a "Memo" dated February 11, 2011 from the DOC, indicated that that the collection of costs from Pettaway's prison account had been terminated, and that any funds in the DOC's possession that had not already been remitted to Allegheny County ($6.29) had been returned to Pettaway's account. As to money already remitted, Pettaway was invited by the Superintendent to contact Allegheny County for the return of his funds.

The defendants moved to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6), and Pettaway submitted a written response in opposition. In an order entered on February 2, 2012, the Magistrate Judge granted the defendants' motion and dismissed the complaint.[1] The Magistrate Judge determined that Pettaway's claim was barred by the

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge, see 28 U.S.C. § 636(c)(1).

Eleventh Amendment, which proscribes actions in the federal courts against a State and its agencies. The DOC, which administers SCI-Albion, is an agency of the Commonwealth of Pennsylvania and thus enjoys the same Eleventh Amendment immunity that the Commonwealth enjoys. Moreover, the DOC is not a "person" against whom a civil rights action may be brought. The Magistrate Judge further determined that any amendment by Pettaway to name specific persons responsible for the wrongful deductions would be futile, because the availability of the grievance procedure at SCI-Albion satisfied all the requirements of due process. Pettaway in fact used the post-deprivation remedy provided by the prison to obtain the return of at least some of his money.

Pettaway appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing.

We will dismiss the appeal as frivolous. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Pettaway's appeal lacks an arguable basis in the law. A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is

3

plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). We look for "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of" a claim for relief. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Where that is missing, the complaint must be dismissed.

The Magistrate Judge properly dismissed Pettaway's complaint. Suit against the Commonwealth's Department of Corrections and SCI-Albion is barred by the Eleventh Amendment because Pennsylvania has not consented to suit in federal court. See Lombardo v. Pennsylvania, 540 F.3d 190, 194 (3d Cir. 2008) (immunity of States from suits in federal courts is fundamental aspect of state sovereignty). The Pennsylvania Department of Corrections is a state agency. See 71 Pa. Adm. Code § 61. Congress may abrogate a State's sovereign immunity, and a State may consent to suit, Lombardo, 540 F.3d at 195-96, but Congress has not abrogated the States' immunity from section 1983 actions, Quern v. Jordan, 440 U.S. 332, 345 (1979), and Pennsylvania has withheld its consent to suit in federal court, 42 Pa. Cons. Stat. § 8521(b). See Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981).

Moreover, as a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not "persons" and thus cannot be sued under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Any amendment to Pettaway's complaint to name persons who could be sued under section 1983 would be

4

futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Procedural due process guarantees that the State will not deprive an individual of a protected interest in property without due process of law, Parratt v. Taylor, 451 U.S. 527, 537 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986), but the United States Supreme Court has held that meaningful post-deprivation remedies provide sufficient due process for negligent deprivations of property, Parratt, 451 U.S. at 530, and intentional deprivations of property, Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Pennsylvania Department of Corrections grievance procedure provides an adequate post-deprivation remedy, see, e.g., Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000), and the existence of this post-deprivation remedy forecloses his due process claim.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).