GLD-178                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4169
_____

ANDRE BULLARD,
                                            Appellant

v.

BUREAU OF UNEMPLOYMENT AND ALLOWANCES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-03686)
District Judge:  Honorable Legrome D. Davis
_____

Submitted on the Motion to Proceed *In Forma Pauperis* and
for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 28, 2013

Before:  FUENTES, FISHER and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 3, 2013 )
_____

OPINION
_____

PER CURIAM

As we write primarily for the parties, who are familiar with the facts, it suffices to

say that Andre Bullard filed suit against the Pennsylvania Unemployment Compensation

Board of Review[1] ("Board") relating to a dispute about unemployment benefits. The

Board moved to dismiss the complaint, asserting, among other things, that the Eleventh

Amendment and the applicable statute of limitations barred the suit. The District Court

agreed, dismissing the suit for lack of subject-matter jurisdiction, and making alternative

rulings on statute of limitations and other grounds. The District Court also construed

Bullard's request for a special prosecutor to investigate and prosecute state officials as a

request for mandamus relief, and denied it.

Bullard appeals, and seeks *in forma pauperis* status, which we grant. We have

jurisdiction pursuant to 28 U.S.C. § 1291.[2] Our review of the order dismissing the

complaint is plenary. See Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc., 694

F.3d 340, 347 (3d Cir. 2012); Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir.

2009). To the extent that the District Court denied mandamus relief, we review the

decision for abuse of discretion, although we exercise plenary review over determinations

about whether the requirements for mandamus were satisfied as a matter of law. Arnold

v. Blast Intermediate Unit 17, 843 F.2d 122, 125 (3d Cir. 1988). Upon review, we will

---

[1] He identified it as the Bureau of Unemployment and Allowances in the caption of his complaint.

[2] Although the District Court's order provided Bullard with leave to file an amended complaint on or before November 2, 2012, the District Court's order is a final, appealable order because Bullard stands on his complaint. See Borelli v. City of Reading, 532 F.2d 950, 951 -52 (3d Cir. 1976) (per curiam).

summarily affirm because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

As the District Court explained, the Board is a departmental administrative board that does not exist apart from the Commonwealth of Pennsylvania. See 71 P.S. §§ 61 & 62. Accordingly, the Eleventh Amendment bars the suit against the Board unless Congress has specifically abrogated the Commonwealth's immunity or the Commonwealth has consented to suit. See Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981); see also Idaho v. C'oeur D'Alene Tribe, 521 U.S. 261, 267 (1997) (explaining how a state can waive immunity); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 59 (1996) (describing Congress's power to abrogate the States' Eleventh Amendment immunity). However, the vehicle for bringing Bullard's constitutional claims, 42 U.S.C. § 1983,[3] does not abrogate Pennsylvania's immunity from suit. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989) (explaining that a state is not a person amenable to suit under § 1983). Additionally, Pennsylvania has declined to waive its Eleventh Amendment immunity to the type of claims Bullard filed. See 42 Pa. C.S. §§ 8521 & 8522. For these reasons, the

---

[3] Bullard wished to proceed under 18 U.S.C. §§ 241 & 242, but those criminal statutes are inapplicable to his civil suit. We further note that whether Bullard's federal claims are interpreted as brought under 42 U.S.C. § 1983, § 1985, and/or § 1986, it is clear from the face of the complaint that they are time-barred. See 42 U.S.C. § 1986 (setting forth a one-year limitations period); Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989) (explaining that a two-year statute of limitations governs claims arising under §§ 1983 and 1985).

District Court properly dismissed Bullard's complaint as barred by the Eleventh Amendment.

Also, the District Court did not err in declining to grant mandamus relief. A district court may issue a writ of mandamus under 28 U.S.C. § 1361 to compel "an officer or employee of the United States . . . to perform a duty owed to the plaintiff." However, it may do so only if the duty owed is "a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). As the District Court explained, the Department of Justice's decision to prosecute is purely discretionary, so mandamus relief was not available to compel the investigation or prosecution that Bullard requested. Cf. Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379 (2d Cir. 1973) (stating that "federal courts have traditionally, and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made").

For these reasons, we will affirm the District Court's judgment.[4]

---

[4] As we noted above, we grant Bullard's motion to proceed *in forma pauperis*.