CLD-301                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1898
_____

KAREE SCOTT,
                              Appellant

v.

DELAWARE DEPARTMENT OF FAMILY SERVICES
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil No. 12-cv-00195)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: July 16, 2013)
_____

OPINION
_____

PER CURIAM

        Pro Se Appellant Karee Scott appeals the dismissal of her complaint under 28

U.S.C. § 1915(e)(2)(B) for failure to state a claim.  For the reasons set forth below, we

1

will summarily affirm the District Court's dismissal.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

On February 16, 2012, Scott filed a complaint against the Delaware Department of Family Services ("the agency") alleging that she was discriminated against by reason of mental illness and race.  On June 11, 2012, the District Court dismissed all of Scott's claims due to the agency's immunity under the Eleventh Amendment.  The District Court gave Smith leave to amend her complaint because it appeared that she might have plausible claims against individual defendants.  Smith filed an amended complaint on July 6, 2012, with the agency again named as the sole defendant.  The complaint alleged that Smith's rights were violated due to her mental illness and economic circumstances. On February 28, 2013, the District Court dismissed Smith's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because the agency is immune from suit under the Eleventh Amendment.  Smith then timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997).  In order to survive a dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We will affirm a district court's

dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We will summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

As the District Court stated, claims against the Delaware Department of Family Services are barred by Delaware's Eleventh Amendment immunity. See MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment protects a state or state agency from suit, unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity. See Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981). Here, Delaware has not waived its Eleventh Amendment immunity to Scott's claim. Accordingly, the District Court properly dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).