DLD-316                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1528
_____

THOMAS B. ELLINGTON,
                        Appellant

v.

NICHOLAS CORTES, State Trooper; GERALD POWELL, State Trooper;
WAKOWSKI, State Trooper; PENNSYLVANIA STATE POLICE;
WILLIAM SPENCER; DONNA ASURE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:09-cv-02504)
District Judge:  Honorable William J. Nealon, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 3, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 25, 2013 )

_____

OPINION
_____

PER CURIAM

Thomas B. Ellington appeals pro se from the District Court's August 11, 2011 order granting Appellees Nicholas Cortes, Gerald Powell, Wakowski,[1] and the Pennsylvania State Police's (the "State Police Defendants") motion to dismiss, and the District Court's February 1, 2013 order granting Appellees William Spencer and Donna Asure's (the "SCI-Forest Defendants") motion for summary judgment. Because the appeal presents no substantial question, we will summarily affirm the District Court's orders.

I.

In December 2009, Appellant Thomas B. Ellington, a prisoner at SCI-Forest in Marienville, Pennsylvania, filed a pro se civil rights complaint in the U.S. District Court against the State Police Defendants for conducting an allegedly unlawful search of Ellington's person, and for battery under Pennsylvania law.[2] Regarding the SCI-Forest Defendants, Ellington asserted that, while incarcerated, Spencer, a correctional officer at

---

[1] Defendant Wakowski's first name is not provided in the record.

[2] Specifically, Ellington alleged that in June 2009, Cortes pulled over Ellington and, after Powell and Wakowski arrived, they conducted a search of Ellington's vehicle and found nothing. Ellington further alleged that Cortes then patted him down and put his hands between his legs claiming to have felt an object, and then used a pair of pliers to remove an object (later determined to be 100 grams of cocaine) from Ellington's anal region. As a result of the contraband, Ellington was charged, and ultimately convicted of, one count of Intentional Possession of a Controlled Substance by Unregistered Person and one count of Manufacture/Delivery/Possession of Controlled Substance with Intent to Manufacture or Deliver.

2

SCI-Forest, used excessive force against him, and that Asure, the warden of SCI-Forest, failed to supervise Spencer.[3]

In May 2010, the State Police Defendants filed their motion to dismiss, and in February 2011, the Magistrate Judge issued his report and recommendation, finding that Ellington's suit against the Pennsylvania State Police was barred by the Eleventh Amendment. The Magistrate Judge further noted that the suit against Cortes, Powell, and Wakowski (in their unofficial capacity) was barred by the Rooker-Feldman doctrine, as a ruling that the search was unreasonable would require the District Court to find that the Pennsylvania state court's decision on Ellington's motion to suppress was incorrect.[4] The Magistrate Judge further noted that Ellington failed to state a claim for battery under Pennsylvania law due to his failure to allege that Cortes, Powell, and Wakowski intended to harm him. In August 2011, the District Court adopted the Magistrate Judge's report, granted the motion to dismiss, and dismissed the State Police Defendants.

---

[3] Specifically, Ellington alleged that, in October 2009, while confined at the Monroe County Correctional Facility, Spencer entered Ellington's cell and started to harass him and poured milk over his face and body. Ellington alleged that he immediately stood up and that Spencer lunged forward and struck Ellington and continued to attack Ellington while he was helpless on the floor of his cell. Ellington alleged that Asure stood by and watched this incident.

[4] The Monroe County Court of Common Pleas determined, in addressing Ellington's motion to suppress, that the search of Ellington and the incidents surrounding the search were reasonable and did not violate Ellington's constitutional rights, in part due to Ellington's consent to the search. Had the Monroe County Court of Common Pleas held otherwise, the contraband would have been suppressed, and the two drug-related charges against Ellington would have been dismissed.

In March 2012, the SCI-Forest Defendants filed their motion for summary judgment, and in October 2012, the Magistrate Judge issued his report and recommendation. The Magistrate Judge noted that during the plea colloquy at which Ellington pleaded guilty to assault, he stated that he lunged towards Spencer in an attempt to cause him bodily injury. The Magistrate Judge further noted that one of the correctional officers testified that five correctional officers were needed to restrain Ellington. Accordingly, the Magistrate Judge found that Ellington had failed to establish that Spencer used excessive force to restrain him. The Magistrate Judge also found that, as no jury could conclude that Spencer had violated Ellington's Eighth Amendment rights, no jury could find that Spencer's injuries resulted from a policy or practice instituted by Asure. In February 2013, the District Court adopted the Magistrate Judge's report and granted the motion for summary judgment. Ellington timely appealed both of the District Court's orders.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's orders granting a motion to dismiss and a motion for summary judgment is plenary. Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004); DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). In reviewing the District Court's decision to grant the State Police Defendants' motion to dismiss, we accept as true all allegations in the complaint, giving the plaintiff the benefit of every favorable inference that can be drawn from the allegations. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). Ellington, as a pro se

4

litigant, is entitled to a more liberal reading of his complaint, though it must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing whether the District Court's decision to grant the SCI-Forest Defendants' motion for summary judgment was proper, this Court must determine whether, viewing the evidence in the light most favorable to Ellington and drawing all inferences in his favor, there was no genuine issue of material fact and the SCI-Forest Defendants were entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010). We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

Regarding the District Court's order granting the motion to dismiss filed by the State Court Defendants, this Court agrees that, with regard to the Pennsylvania State Police, and Cortes, Powell, and Wakowski (acting in their official capacity), the Eleventh Amendment requires the dismissal of Ellington's claims. The Eleventh Amendment protects a state or state agency from a § 1983 suit, unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity. See MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001). Section 1983

does not abrogate Pennsylvania's immunity, and Pennsylvania has specifically withheld consent to being sued. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). Additionally, an element of any claim brought pursuant to § 1983 is that the alleged wrongdoing be committed by a "person." 42 U.S.C. § 1983. For purposes of § 1983, Cortes, Powell, and Wakowski are not "persons" when acting in their official capacity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Regarding Cortes, Powell, and Wakowski in their unofficial capacity, the District Court held that it lacked jurisdiction over this case because of the Rooker-Feldman doctrine. We disagree.

That doctrine, which takes its name from two Supreme Court cases, generally withholds jurisdiction of federal courts (save the United States Supreme Court) over state judgments, as they are more appropriately appealed within the state judiciary. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). It is narrow in scope. The Supreme Court has explained that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). We have distilled Exxon's holding into the following four-part test, each part of which must be satisfied: "(1) the federal plaintiff lost in state court; (2) the plaintiff

complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quotation marks and citation omitted).

The instant case does not meet those criteria. Specifically, Ellington's asserted injuries were not "caused by the state-court judgment." Rather, Ellington's alleged injuries consist of his § 1983 claims against Cortes, Powell, and Wakowski. Those claims existed before any state court case; the state-court judgment in no sense "caused" those alleged injuries. See id. at 166-68. Accordingly, we conclude that the Rooker-Feldman doctrine does not preclude jurisdiction in this case.

However, based upon the record, it is clear that a finding in Ellington's favor would imply the invalidity of his conviction on the two drug related charges, which were based upon the contraband found by Cortes during what Ellington describes as an unreasonable and unconstitutional search. Accordingly, unless and until Ellington successfully invalidates either the Monroe County Court of Common Pleas' decision on his motion to suppress, or the underlying conviction, a dismissal of Ellington's claims, without prejudice, is appropriate. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Regarding Ellington's state law claim for battery, the District Court incorrectly relied upon the Rooker-Feldman doctrine to dismiss Ellington's claims against Cortes, Powell, and Wakowski. As noted above, Rooker-Feldman does not apply, as Ellington is not challenging a "state-court judgment," but rather the alleged battery committed by

7

Cortes. However, Heck may also bar the District Court from calling into question the Monroe County Court of Common Pleas' decision that Ellington consented to the search of his person (which could call into question the reasonableness of search itself), which would negate any claim of battery. See Heck, 512 U.S. at 486-87; Levenson v. Souser, 557 A.2d 1081, 1088 (Pa. Super. Ct. 1989). Additionally, even if Heck is inapplicable, Ellington's claim of battery is without merit, as the Monroe County Court of Common Pleas determination that he consented to the search is entitled to res judicata effect. See Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380-81 (1985); Shuder v. McDonald's Corp., 859 F.2d 266, 273 (3d Cir. 1988). Accordingly, the District Court's order granting the Pennsylvania State Police Defendants' motion to dismiss was proper.

IV.

The District Court properly granted the SCI-Forest Defendants' motion for summary judgment. When considering an excessive use of force claim, a district court must consider whether force was applied in a "good-faith effort to maintain or restore discipline, or maliciously and sadistically" to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Courts look to several factors when making this determination, including (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by prison officials; and (5) any efforts made to temper the severity of a forceful response. See Whitley v. Albers, 475 U.S. 312, 321 (1986); Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

8

In determining that excessive force was not used on Ellington, the District Court properly relied upon Ellington's guilty plea for assault and his colloguy where he stated that he "lunged towards [Spencer] in an attempt to cause him bodily injury." In addition, while Ellington's aggression does not establish, on its own, that Spencer did not use excessive force, the record shows that it took approximately five correctional officers to restrain Ellington following his altercation with Spencer, and that Ellington's injuries included only two lumps on his forehead and multiple superficial scratches. As noted by the District Court, the evidence, when interpreted in the light most favorable to Ellington, does not establish a genuine issue of material fact as to whether Spencer's use of force was reasonable following Ellington's assault. Regarding Asure, as no Eighth Amendment violation occurred, Asure cannot be found liable based on an alleged failure to train or supervise. See Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001). Accordingly, the District Court's granting of the SCI-Forest Defendants' motion for summary judgment was proper.

V.

For these reasons, the District Court properly granted the motion to dismiss and the motion for summary judgment. Because this appeal presents us with no substantial question, we will summarily affirm the District Court's orders. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.

9