**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2080
_____

BRYAN J. SHINE,
                                        Appellant

v.

BASIL MERENDA; SHAWN D. KOFLUK; TIMOTHY REIDDEHL; TROOPER
JOHN DOE; RONALD YEN; JOEL HOGENTOGLER; PEDRO CORTES; MICHAEL
WEISS; ANNIE HANNA CESTRA; JEFFREY J. JOHNSON; JOHN A. SOMMER;
JUDITH E. PACHTER-SCHULDER; ALEXIS BARBIERI; MARK VESSELLA;
PATRICIA RIDLEY; PETER MARKS; ARWILDA HAYNES; BEVERLY BROOKES;
EDWARD G. RENDELL; JOSEPH MCGETTIGAN; KENNETH SUTER; DEBORAH
MISCHECK; KAREN CUMMINGS; KATHRYN SILCOX; THOMAS W. CORBETT,
JR.; GAETANO PICCIRILLI; JOSEPH TARTANTINO, JR.; THOMAS J. WEAVER;
CLAUDE A. LORD CAL SHIELDS; CORINNE V. WILSON; THE DISTRICT
ATTORNEY'S OFFICE OF CHESTER COUNTY, PA; THE DISTRICT
ATTORNEY'S OFFICE OF DAUPHIN COUNTY; THE PENNSYLVANIA STATE
POLICE; THE PENNSYLVANIA DEPARTMENT OF STATE; THE
PENNSYLVANIA STATE REAL ESTATE COMMISSION; THE PENNSYLVANIA
BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 11-cv-06959)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 2014

Before: FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 5, 2014)

_____

OPINION[*]

_____

PER CURIAM

Bryan Shine, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights action. For the reasons that follow, we will affirm the judgment of the District Court.

Shine alleges in his complaint that he applied for a real estate license on May 23, 2007. He states that, on that day, he had a heated exchange of words with Deborah Mischeck, a Pennsylvania Bureau of Professional and Occupational Affairs employee. Shine avers that the Real Estate Commission Enforcement Committee considered his application, which reflected that he had a criminal conviction for driving under the influence ("DUI"). At a hearing, Shine told the Committee that, in addition to the conviction noted in his police background check, he had two other DUI convictions. The Committee provisionally denied his application. Shine alleges that at the hearing the Committee demanded that he apologize for his actions on May 23, 2007.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Shine requested a formal hearing on his application. A hearing was held on September 26, 2007, and the Real Estate Commission denied the application because Shine did not exhibit the "honesty, trustworthiness, integrity and competence" required to be licensed. The Commission found that Shine was deceptive about his criminal history. Shine alleges that his application was improperly denied based on Mischeck's testimony at the hearing. He states that Mischeck testified that Shine had threatened her and that she feared for her life. Shine unsuccessfully appealed the decision to the Pennsylvania Commonwealth Court.

Shine also unsuccessfully sought reconsideration before the Commission based on emails Mischeck had sent to the Commission about him that had allegedly not been disclosed. He avers that he also obtained a copy of police report reflecting that, contrary to her statement to the Commission, Mischeck was not harmed by him. Shine states that upon receipt of the report he repeatedly contacted members of the Commission and various state offices. He also states that he notified the Commission that he would sue in federal court for the violation of his civil rights.

In August 2009, Pennsylvania State Police Officers Shawn Kofluk and Timothy Reiddehl went to Shine's home with a warrant and seized his computer, cell phone, and other items. Shine alleges that the officers told him to "stop all contact" and to "stop the civil suit." Shine filed suit in federal court in September 2009 claiming violations of his rights in connection with the denial of his application. Shine avers that in November

3

2009 he was charged in state court with harassment and stalking the attorneys involved in his proceedings before the Commission and Commission members. Shine pleaded guilty to stalking. Shine's federal suit was dismissed for lack of service. According to Shine, the state court prohibited him from having contact with the defendants and he feared that serving the complaint would violate the state court's order.

Based on these events, in November 2011, Shine filed his present civil rights action against thirty-six defendants claiming retaliation and malicious prosecution, conspiracy to deprive him of his constitutional rights in violation of 42 U.S.C. § 1985, violation of his rights to free speech and equal protection, and discrimination in violation of 42 U.S.C. § 1981. The District Court granted motions to dismiss based on Eleventh Amendment immunity filed by the Pennsylvania Department of State, the Pennsylvania Bureau of Professional and Occupational Affairs, and the Pennsylvania State Police, and by Mischeck, former Governor Tom Corbett, former Bureau of Professional and Occupational Affairs Commissioner Basil Merenda, and Troopers Kofluk and Reiddehl in their official capacities.[1]

We dismissed Shine's subsequent appeal for lack of jurisdiction because the District Court had not adjudicated Shine's claims against all of the defendants. The

---

[1]The District Court also granted a motion to dismiss filed by the Chester County Assistant District Attorney based on prosecutorial immunity, and a motion to dismiss filed by the Chester County District Attorney's Office asserting that Shine's malicious prosecution claim fails under Heck v. Humphrey, 512 U.S. 477 (1994). These rulings are not challenged in this appeal.

4

District Court ordered Shine to file an amended complaint against the remaining defendants that complied with Federal Rule of Civil Procedure 8. In response, Shine filed a motion to amend, reiterating his claim that his prosecution and conviction in state court were the result of retaliation for filing his federal lawsuit in 2009. He averred that he had appealed his conviction based on the newly discovered police report, which showed that the police, the prosecutors, and the victims had lied in state court. Shine also alleged that his real estate license application was denied because he is Catholic.

The District Court found the filing deficient because it primarily contained allegations against the defendants already dismissed and complained of wrongs addressed in its prior decision. The District Court ruled that the filing did not comply with Rule 8 and did not state any non-frivolous cause of action against the remaining defendants. The District Court dismissed the proposed amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam) (dismissal under § 1915(e)(2));[2] Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009) (grant of motion to dismiss).

---

[2]The Commonwealth Appellees argue in their brief that our standard of review is abuse of discretion because that is the standard that applies to a decision to dismiss a complaint for failure to comply with Rule 8. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). We need not resolve this question here because the disposition of this appeal is the same under either standard.

Shine has not presented many issues for our review. He asserts in his brief that the District Court erred in granting immunity to the state actors because they lied to him and the federal and state courts. Shine, however, has not shown any error in the District Court's ruling that the Pennsylvania Department of State, the Pennsylvania Bureau of Professional and Occupational Affairs, and the Pennsylvania State Police are immune from suit under the Eleventh Amendment. See Lavia v. Pennsylvania, Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000) (Eleventh Amendment immunity applies to parts of the executive department); 71 Pa. Stat. §§ 61-62 (setting forth parts of executive department in Pennsylvania). He also has not shown that the District Court erred in ruling that Mischeck, Corbett, Merenda, and Officers Kofluk and Reiddehl are immune from his suit for damages in their official capacities. Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir. 1981).

To the extent Shine contends that the District Court erred in granting immunity to the state actors sued in their individual capacities, the District Court does not appear to have addressed the motions to dismiss filed by Mischeck, Corbett, Merenda, and Officers Kofluk and Reiddehl in this regard. The record, however, supports the dismissal of Shine's claims against these defendants in their individual capacities. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (noting this court may affirm the district court on any ground supported by the record). As argued below, Shine does not allege

6

personal involvement by Corbett or Merenda in the violations of his rights. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207-08 (3d Cir. 1980).

To the extent Shine contends that Officers Kofluk and Reiddehl conspired with Mischeck, falsely obtained a warrant, and retaliated against him for exercising his First Amendment rights, his claims lack sufficient supporting factual allegations to state a claim for relief. <u>See</u> <u>Fowler</u>, 578 F.3d at 210-11 (requiring a plaintiff to set forth sufficient factual matter to show that a claim is facially plausible). In addition, as noted above, Shine pleaded guilty to stalking. Shine also fails to state a claim for violation of his right to equal protection. His claim under 42 U.S.C. § 1981 fails as a matter of law. <u>See</u> <u>McGovern v. City of Philadelphia</u>, 554 F.3d 114, 120-21 (3d Cir. 2009) (§ 1983 is the exclusive federal remedy for violation of rights guaranteed in § 1981).

Shine also asserts on appeal that the District Court never allowed discovery and refused to hear his "case of habeas corpus." Shine, however, has not shown that the District Court erred in dismissing his complaint prior to discovery and he did not seek habeas relief in the underlying matter.

Accordingly, we will affirm the judgment of the District Court.