661 F.2d 23
 Peter J. LASKARIS, Appellant in No. 81-1453,
v.
Richard THORNBURGH, Governor of the Commonwealth of
Pennsylvania, Thomas Larson, Secretary of the
Pennsylvania Dept. of Transportation,
Dennis Hilton and
Representative John
Peterson.
Michael SKAPURA, Appellant in No. 81-2539,
v.
Richard THORNBURGH, Governor of the Commonwealth of
Pennsylvania, Thomas Larson, Secretary of the Pennsylvania
Department of Transportation, John Harhigh, Director of
Bureau of Personnel, James I. Scheiner, Deputy Secretary for
Administration of the Pennsylvania Department of
Transportation, all in both their official and individual capacities.
 No. 81-1453, 81-2539.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Sept. 24, 1981.
Decided Oct. 5, 1981.
 
 Richard T. Ruth, Erie, Pa., for appellants.
 Robert H. Raymond, Jr., Asst. Chief Counsel, Carleton O. Strouss, Asst. Counsel, Ward T. Williams, Chief Counsel, Jay C. Waldman, Gen. Counsel, Dept. of Transp., Com. of Pennsylvania, Harrisburg, Pa., for appellees Thornburgh, Larson, and Hilton in No. 81-1453.
 Norman H. Stark, MacDonald, Illig, Jones & Britton, Erie, Pa., for appellee Peterson in No. 81-1453.
 Alton P. Arnold, Jr., William A. Webb, Deputy Attys. Gen., LeRoy S. Zimmerman, Atty. Gen., Pittsburgh, Pa., Robert H. Raymond, Jr., Asst. Chief Counsel, Pa. Dept. of Transp., Harrisburg, Pa., for appellees in No. 81-2539.
 Before ALDISERT, HIGGINBOTHAM and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 The major question for decision in this appeal from the district court's dismissal of appellant's complaint is whether the eleventh amendment bars the district court from granting relief against certain state officials named as defendants.[1] Laskaris, a former Labor Relations Coordinator for the Pennsylvania Department of Transportation, filed a complaint in the district court seeking declaratory, injunctive, and punitive relief. Premising his claim on 42 U.S.C. §§ 1983 and 1985, he charged that his employment had been terminated by the Republican state administration because he is a Democrat. He alleged that the governor, a cabinet officer, a personnel supervisor, and a state legislator, acting individually and in concert, violated his constitutional rights to political expression and affiliation by discharging him. The district court granted the defendants' motions to dismiss[2] on the ground that the eleventh amendment barred relief against the state officers. The district court also suggested that the precepts set forth in Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), and Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), were not applicable to state employment.[3] We reverse.
 
 I.
 
 2
 We reject the district court's suggestion that the teachings of Branti and Elrod do not apply to state employees. In fashioning the novel doctrine[4] that public employees hired because of their political affiliation cannot be fired for the same reason, the Supreme Court relied primarily on three cases brought by state employees: Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) (state university faculty member); Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967) (same); Illinois State Employees Union v. Lewis, 473 F.2d 561 (7th Cir. 1972), cert. denied, 410 U.S. 928, 943, 93 S.Ct. 1364, 1370, 35 L.Ed.2d 590 (1973) (employees of the Illinois Secretary of State). Although both Elrod and Branti were brought against local officials, we find no compelling reason to conclude that the Supreme Court would treat similar claims against state officials differently and therefore we reject the district court's suggestion to the contrary.
 
 II.
 
 3
 We now turn to the eleventh amendment issue. The district court, relying on Scheuer v. Rhodes, 416 U.S. 232, 237-38, 94 S.Ct. 1683, 1686-87, 40 L.Ed.2d 90 (1974), reasoned that because state officers were the defendants, the complaint was in fact against the state. Thus, the district court concluded that the action was barred by the eleventh amendment. We disagree.
 
 
 4
 Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant, even a claim seeking injunctive relief. Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam). By statute Pennsylvania has specifically withheld consent:
 
 
 5
 Federal courts. Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.
 
 
 6
 42 Pa.Cons.Stat.Ann. § 8521(b). The eleventh amendment's bar extends to suits against departments or agencies of the state having no existence apart from the state. Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). Similarly, an action in federal court for damages or back pay against a state official acting in his official capacity is barred because such retrospective relief necessarily depletes the state treasury, Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); but the amendment does not bar a suit seeking declaratory or injunctive relief against the same officials, Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). When a state officer violates federal constitutional mandates, even when carrying out state policy, he is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct," Id. at 160, 28 S.Ct. at 454. See Spicer v. Hilton, 618 F.2d 232 (3d Cir. 1980). Thus, for purposes of the eleventh amendment the suit is against the officer as an individual, although his action is still "state action" for purposes of § 1983 and the fourteenth amendment. See Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Spicer, 618 F.2d at 237. To the extent that the appellant's complaint seeks prospective relief against the state officials, therefore, the district court has the power to grant it. Only when retrospective relief is sought must the court undertake the analysis suggested in Scheuer, 416 U.S. at 237-38, 94 S.Ct. at 1686-87, to determine whether the claim against the officials in name is against the state in fact. See West v. Keve, 571 F.2d 158, 163 (3d Cir. 1978).
 
 
 7
 Relying on Gurmankin v. Costanzo, 626 F.2d 1115, 1122 (3d Cir. 1980), the appellant argues that an award of back pay is "merely an element of the equitable remedy of reinstatement," (quoting Harkless v. Sweeny Independent School District, 427 F.2d 319, 324 (5th Cir. 1970), cert. denied, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971)), and therefore is not barred by the eleventh amendment. In our view, Gurmankin is inapposite to this case because there the defendant was not a Pennsylvania state agency, but the school district of Philadelphia. The eleventh amendment was not an issue in Gurmankin.
 
 
 8
 This court recently considered whether the eleventh amendment bars an award of back pay against a state agency in Skehan v. Board of Trustees, 590 F.2d 470, 485-91 (3d Cir. 1978), cert. denied, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979) (Skehan III ). Skehan III reconsidered the holding of Skehan II, 538 F.2d 53, 62 (3d Cir.) (in banc), cert. denied, 429 U.S. 979, 97 S.Ct. 490, 50 L.Ed.2d 588 (1976), in light of the Supreme Court's decisions in Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), and concluded that those decisions did not affect its prior determination that the eleventh amendment bars an award of back pay. See Quern v. Jordan, 440 U.S. 332, 338, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979) (citing Skehan III ). Unless the state has waived its immunity, a back pay award, regardless of how it is described, is barred by the eleventh amendment because it is "measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials." Edelman v. Jordan, 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974). See Nevels v. Hanlon, 656 F.2d 372, 377-378 (8th Cir. 1981). Although Title VII overrides the states' eleventh amendment immunity, Fitzpatrick v. Bitzer, section 1983 does not, Quern v. Jordan, 440 U.S. at 338-45, 99 S.Ct. at 1143-47; Skehan III, 590 F.2d at 490-91. See generally Spicer, 618 F.2d at 235-39.
 
 
 9
 The eleventh amendment does not bar an action for damages against an official sued in his individual capacity, however. Id. We conclude that the complaint here, though far from a model of legal draftsmanship, alleges a claim against the officials in their individual and official capacities. The defendant officials, of course, may on remand assert official immunity as an affirmative defense to the plaintiff's claim for monetary relief, see Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980), but these claims must be directed initially to the district court. We note that appellee Peterson's motion to dismiss contends that "as a member of the Pennsylvania House of Representatives, (he) is entitled to and claims absolute immunity for any acts taken within the scope of his legislative duties." App. 6. The complaint, however, does not allege that Peterson was acting within the scope of his legislative duties. If on remand Peterson can demonstrate by means of affidavit or otherwise that there is no genuine issue of material fact relating to this defense, and that he is entitled to judgment as a matter of law, he may seek summary judgment in the district court under Fed.R.Civ.P. 56(b).
 
 III.
 
 10
 The judgments of the district court appealed at nos. 81-1453 and 81-2539 will be reversed and the causes remanded for further proceedings.
 
 
 11
 Costs taxed against the appellees.
 
 
 
 [1]
 The appeals of Laskaris and Skapura were consolidated for decision on joint motion of the parties. Although we discuss only the facts pertaining to appellant Laskaris, the basis for the district court's decision and the essential facts in both appeals are identical
 
 
 [2]
 We presume that the motions were filed under Fed.R.Civ.P. 12(b), although the state executive branch defendants did not refer to a federal rule of civil procedure. See motion filed June 23, 1981, reprinted in app. at 8-15. The legislator-defendant relied on Rule 12(b) and (e) in his motion. App. at 6-7
 
 
 [3]
 For the purpose of this appeal we have assumed that the appellant has alleged a deprivation of his first amendment rights. Although he made a reference to termination of employment, complaint P 8, reprinted in app. at 4, the specific constitutional infirmities alleged were limited to deprivation "of due process and equal protection guaranteed to him under the constitutions and laws of the United States and of the Commonwealth of Pennsylvania." Id. P 9, app. at 4. Because the defendants have not raised the issue, we are proceeding on the assumption that the Elrod-Branti issue was properly before the district court
 
 
 [4]
 See Branti v. Finkel, 445 U.S. 507, 521-34, 100 S.Ct. 1287, 1296-1303, 63 L.Ed.2d 574 (1980) (Powell, J., dissenting); Elrod v. Burns, 427 U.S. 347, 376-89, 96 S.Ct. 2673, 2691-97, 49 L.Ed.2d 547 (1976) (Powell, J., dissenting); Marino v. Bowers, 657 F.2d 1363, at 1366-1370 (3d Cir. 1981) (in banc); Loughney v. Hickey, 635 F.2d 1063, 1065-71 (3d Cir. 1980) (Aldisert, J., concurring)