DLD-285                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.10-2057
_____

JIMMIE L. COOK,
                                        Appellant

v.

HOMER C. FLOYD; LYLE M. WOOD; RAYMOND CARTWRIGHT;
PENNSYLVANIA HUMAN RELATIONS COMMISSION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-00106)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 10, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed September 16, 2010)
_____

OPINION
_____

PER CURIAM

Jimmie L. Cook appeals from an order of the United States District Court for the

Middle District of Pennsylvania that granted the defendants' motion to dismiss his civil

rights complaint brought pursuant to 42 U.S.C. § 1983. Because no substantial question is presented by this appeal, we will summarily affirm the District Court's ruling.

We review de novo the dismissal of a complaint under Rule 12(b)(6). Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). Cook's complaint was based on the way the Pennsylvania Human Relations Commission ("PHRC") and certain of its employees (Home Floyd, Lyle Wood, and Raymond Cartwright) handled five separate complaints he filed at various times between 1991 and 2007.

The District Court properly dismissed Cook's claims against the PHRC and its employees on Eleventh Amendment grounds. The guarantee of the Eleventh Amendment is that non-consenting states may not be sued by private individuals in federal court unless Congress abrogates the states' immunity pursuant to a valid exercise of its power. See Bd. of Trustees of the Univ. of Al. v. Garrett, 531 U.S. 356, 363 (2001). The Eleventh Amendment's bar extends to suits against departments or agencies of the state having no existence apart from the state. Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). State officials acting in their official capacities have the same Eleventh Amendment immunity from damage suits as the state itself. See Hafer v. Melo, 502 U.S. 21, 30 (1991).

The PHRC is an administrative commission within the executive department of the Commonwealth of Pennsylvania and, as such, it shares in the Commonwealth's Eleventh Amendment immunity. See 43 Pa. Stat. Ann. §§ 956-7. Section 1983 did not abrogate

2

the Commonwealth's Eleventh Amendment immunity and the Commonwealth did not waive it. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979) (section 1983 was not intended to abrogate a State's Eleventh Amendment immunity); Wheeling & Lake Erie Ry. v. Public Util. Comm'n, 141 F.3d 88, 91 (3d Cir. 1998) (Pennsylvania has not consented to suit in federal court); see also 42 Pa. Cons. Stat. Ann. § 8521(b). The PHRC was thus immune from Cook's suit. To the extent Floyd, Wood, and Cartwright were sued in their official capacities, they too were immune from suit.

To the extent Cook sued Floyd, Wood, and Cartwright in their individual capacities, the District Court also properly dismissed Cook's due process claims against them. Although his complaint was not entirely clear, it appears Cook was attempting to allege that the three named PHRC employees violated his rights when they dismissed his complaints because of a finding of no probable cause, and when they denied him a hearing.[1] The District Court noted that pursuant to the Pennsylvania Human Relations Act and the PHRC's Special Rules of Administrative Practice and Procedure, the PHRC may dismiss a complaint when its staff determines that no probable cause exists to credit the allegations of the complaint. 16 Pa. Code §§ 42.41, 42.61; 43 Pa. Stat. Ann. 959. Further, although a complainant may request a preliminary hearing to determine whether the complaint was properly dismissed, the PHRC need not grant one whenever one is

---

[1] Some of Cook's claims appear to be barred by the statute of limitations, and some also appear to be barred for failure to allege any personal involvement on the part of the named defendants. As we affirm on other grounds, we need not reach these issues.

3

requested.  16 Pa. Code 42.62; <u>Baker v. Pennsylvania Human Relations Comm'n</u>, 489 A.2d 1354, 1357-58 (Pa. 1985).   The District Court also rightly emphasized that Cook could not make out a due process claim against PHRC or its employees, as the PHRC's determinations are not binding or unappealable.  <u>Baker</u>, 489 A.2d at 1357-58.   Where the PHRC decides not to proceed with a complaint, the complainant may file suit in the Pennsylvania Court of Common Pleas; thus, the PHRC's determination is not a final adjudication of the complainant's rights.  43 Pa. Stat. Ann. 962(c); <u>Bailey v. Storlazzi</u>, 729 A.2d 1206, 1209 (Pa. Super. Ct. 1999).  We thus agree that Cook's due process rights were not finally affected by any actions of the PHRC.  We further agree that Cook failed to make out an equal protection claim, as he failed to allege that he was treated differently than others by the defendants.

For the foregoing reasons, we will affirm the order of the District Court.