**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3230
_____

WALTER NAILS,
                              Appellant

v.

PENNSYLVANIA DEPARTMENT OF TRANSPORTATION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 09-cv-02105)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 14, 2011

Before:  FUENTES, GREENAWAY, JR. and ROTH, Circuit Judges

(Filed: February 22, 2011 )
_____

OPINION
_____

PER CURIAM

   Appellant Walter Nails appeals an order of the District Court dismissing his

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following

reasons, we will affirm.

   Nails was employed by the Pennsylvania Department of Transportation

("PennDOT") as an Equal Opportunity Specialist, when, on September 18, 2007, he was

arrested at work by an officer of the Pennsylvania State Police. According to Nails, the arrest was pursuant to an invalid 1987 warrant from the State of New Mexico. On September 28, 2007, PennDOT conducted a Pre-Disciplinary Conference at the Dauphin County Prison where Nails was detained. Nails was present at this hearing. Following the Pre-Disciplinary Conference, Nails received a letter from PennDOT, informing him that he had been terminated from his civil service position effective October 5, 2007. The letter gave Nails 20 days to appeal the decision to the State Civil Service Commission.

Nails was extradited to New Mexico on October 10, 2007. On October 26, 2007, he was released and he returned to Dauphin County.[1] On October 29, 2007, Nails filed his appeal with the Civil Service Commission. PennDOT moved to dismiss the appeal as untimely filed. On August 11, 2008, the State Civil Service Commission dismissed Nails' appeal as untimely filed, evidently concluding that incarceration is not an unavoidable circumstance establishing a non-negligent failure to timely appeal. Nails appealed to the Commonwealth Court, which affirmed. The state supreme court denied discretionary review. See Nails v. State Civil Service Comm'n, 902 A.2d 610 (Pa. 2009) (table).[2]

Nails then filed a civil rights action in the United States District Court for the Middle District of Pennsylvania, claiming a violation of his constitutional right to procedural due process in connection with his termination. Nails contended that he

---

[1] Nails stated that the 1987 arrest warrant was issued pursuant to an indictment that was invalidated by the New Mexico Supreme Court in 2000. The criminal case was dismissed against him with prejudice. Complaint, at 11.

[2] The Civil Service Commission and the courts evidently all went on to state in the alternative that the termination was justified. Complaint, at 15.

received no advance notice of the Pre-Disciplinary Conference or notice of the three charges against him. Because he had no advance notice, he was deprived of the opportunity to present witnesses or otherwise rebut PennDOT's evidence at the September 28, 2007 conference. PennDOT's excuse for not giving him advance notice of this critical proceeding was that he was incarcerated. Nails contended that PennDOT could have mailed the notice to him at the county jail, just as they mailed the subsequent letter of termination. Nails sought back pay, benefits, promotions and seniority.

Although Nails named only PennDOT as a defendant, in Counts II and III of his complaint, he claimed that the State Civil Service Commission and the state courts denied him due process in not excusing the lateness of his appeal. He asserted that there was no just cause for his termination because his work performance was satisfactory, and he argued that the Civil Service Commission and the courts were motivated by a desire to retaliate against him for his complaints about race and gender discrimination and sexual harassment at PennDOT. Those complaints had previously been expressed in writing to his supervisor, the Human Resources Director, the Deputy Secretary for Administration, the Secretary of Transportation, and even the Governor of the Commonwealth of Pennsylvania.

PennDOT moved to dismiss the complaint, Fed. R. Civ. Pro. 12(b)(6), contending that Nails' civil action was barred by the Eleventh Amendment to the United States Constitution. The Magistrate Judge ordered Nails to file a response in opposition to the motion to dismiss by a certain date, and when Nails failed to file any response, the Magistrate Judge filed a Report and Recommendation, recommending that the motion be granted as unopposed. Reasoning that the action was brought under 42 U.S.C. § 1983

3

and not Title VII, the Magistrate Judge further noted that the complaint was barred by the Eleventh Amendment in any event. Nails did not file Objections. In an Order entered on April 8, 2010, the District Court adopted the Report and Recommendation, granted the motion to dismiss the complaint, and concluded that any amendment would be futile. The court reasoned in pertinent part that sovereign immunity bars an action under section 1983 against the state Department of Transportation, see Lombardo v. Pennsylvania, 540 F.3d 190, 194 (3d Cir. 2008) (immunity of States from suits in federal courts is fundamental aspect of state sovereignty). See also Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000) (Constitution does not provide for federal jurisdiction over suits against non-consenting States).

On April 27, 2010, Nails filed a motion for "clarification," in which he claimed that he did not receive the Report and Recommendation. He asked to be allowed to file Objections out-of-time. In an order entered on May 21, 2010, the District Court treated the motion as one to reopen the case, but denied it. Nails appeals.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291.[3] We exercise plenary review over a Rule 12(b)(6) dismissal. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). "[W]hen ruling on a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The District Court properly dismissed the complaint. Nails' civil rights action against the state

_____

[3] The District Court granted Nails' timely motion to extend the time for appealing, Fed. R. App. Pro. 4(a)(5), and Nails then filed his notice of appeal within the time required by the rule.

4

Department of Transportation is barred by the Eleventh Amendment because Pennsylvania has not consented to suit in federal court.

The Eleventh Amendment provides that states are immune from suit in federal court, see Lombardo, 540 F.3d at 194; Kimel, 528 U.S. at 73. The Pennsylvania Department of Transportation is a state agency, as is the State Civil Service Commission. See 71 Pa. Adm. Code § 61. "A State's immunity from suit is not absolute. Congress may abrogate a State's sovereign immunity in the exercise of its power to enforce the Fourteenth Amendment, and a State may consent to suit by making a clear declaration that it intends to submit itself to federal court jurisdiction." Lombardo, 540 F.3d at 195-96 (internal quotation removed). But Congress has not abrogated the States' immunity from section 1983 actions, Quern v. Jordan, 440 U.S. 332, 345 (1979), and Pennsylvania has withheld its consent to suit in federal court, 42 Pa. Cons. Stat. Ann. § 8521(b). See Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981).

In his brief on appeal, Nails has argued the merits of his case before the State Civil Service Commission, and complained that the District Court did not reach a decision on the facts of his case. He contends that sovereign immunity as applied by the federal courts violates his Fourteenth Amendment rights, and States should not be free to engage in misconduct and then hide behind the shield of Eleventh Amendment immunity. It is, however, well-established that the United States Constitution recognizes a system of dual sovereignty between the States and the Federal Government; such sovereignty prohibits the summoning of States to federal court to answer the complaints of private persons unless they consent. See, e.g., Lombardo, 540 F.3d at 194. Moreover, Congress may, as it did with Title VII, abrogate the States' immunity, see Fitzpatrick v. Bitzer, 427 U.S.

5

445 (1976), but it has not done so with respect to section 1983 actions, see Quern, 440 U.S. at 345. Accordingly, had Nails raised these arguments in Objections to the Report and Recommendation, it would not have changed the result in his case. We also agree with the District Court that any amendment to Nails' complaint would have been futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the foregoing reasons, we will affirm the orders of the District Court dismissing the complaint and denying the motion to reopen.