DLD-275                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4620
_____

JEREMY FONTANEZ,
                                                          Appellant

v.

COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-13-cv-06265)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 12, 2014
Before:  SMITH, HARDIMAN and NYGAARD, Circuit Judges

(Opinion filed: June 20, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se litigant Jeremy Fontanez appeals the District Court's order dismissing his

complaint against the Commonwealth of Pennsylvania.  For the reasons set forth below,

we will summarily affirm.

Fontanez filed this action in the Eastern District of Pennsylvania on October 25, 2013. He is incarcerated at the United States Penitentiary in Hazelton, Pennsylvania, and is currently pursuing an appeal for post-conviction relief in the Pennsylvania state courts. Although he was appointed counsel, Fontanez attempted to file several documents with the Superior Court of Pennsylvania pro se in the course of his PCRA appeal. These documents were forwarded to his appointed counsel, unfiled, pursuant to the Pennsylvania courts' rule against hybrid representation.

In the complaint at bar, Fontanez argued that this rule, detailed in Commonwealth v. Jette, 23 A.3d 1032 (Pa. 2011), violated the federal constitution. In particular, he argued that the rule violated the First Amendment right of access to the courts, the Sixth Amendment right to effective assistance of counsel, the Fifth Amendment right to due process of law, the Fourteenth Amendment right to equal protection under the law, and the separation-of-powers doctrine. He sought an injunction that would force the Pennsylvania Superior Court to accept and file his pro se documents despite his represented status. Fontanez purported to bring these claims under 28 U.S.C. § 1331.

The District Court dismissed the complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B). Fontanez filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court construed the complaint as asserting a claim under 42 U.S.C. § 1983, and concluded that the Pennsylvania courts enjoy Eleventh Amendment

2

immunity. Fontanez filed an unsuccessful motion for reconsideration asserting that his claims arose under 28 U.S.C. § 1331, not § 1983. This distinction is unavailing because § 1331 is a jurisdictional statute. It can be read to confer a private right of action only in the limited Bivens context, where a litigant sues federal actors for damages on constitutional grounds. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66-70 (2001). Fontanez brought this suit against the Commonwealth of Pennsylvania, not a federal actor. The private right of action for suing state actors for constitutional violations is § 1983 — see Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001) — which the District Court correctly decided cannot stand here because the Commonwealth of Pennsylvania and its courts enjoy Eleventh Amendment immunity from both damages and injunctive relief. See Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981).

Even were this not the case, Fontanez's claims fail substantively. The thrust of his complaint concerns a Pennsylvania litigant's right to represent himself on appeal. But there is no such right under the federal constitution. Although such a right does exist at the trial level, the United States Supreme Court has made clear that this right does not extend to appeals. See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 154, 163-64 (2000). And rules limiting hybrid representation (in which a litigant proceeds simultaneously by counsel and pro se) are constitutionally acceptable in both the appellate and trial contexts. See United States v. Turner, 677 F.3d 570, 578-79 (3d Cir. 2012); see also McKaskle v. Wiggins, 465 U.S. 168, 183 (1984).

3

Lastly, Fontanez's complaint falls short of the basic pleading standard for asserting his claims. He fails to allege an actual injury in the context of his First Amendment access-to-courts claim, which is a fatal flaw. See Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008). He then purports to state an equal protection claim, but fails to allege its fundamental elements: that he is a member of a suspect class being treated differently than others who are similarly situated. See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439-42 (1985). And his Sixth Amendment, Due Process, and separation-of-powers claims consist of conclusory, one-sentence assertions, which are insufficient under Federal Rule of Civil Procedure 8(a). See Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009).

We are satisfied that amendment to Fontanez's complaint would be futile, and thus conclude that the District Court properly dismissed the complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Accordingly, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.