BLD-052                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3005
_____

EDWARD CHARLES MILLER, JR.,
                                                    Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; DETECTIVE MARY J. ANDERS;
ROBERT M. FALIN, DDA; WILLIAM R. CARPENTER, Judge

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 13-cv-06291)
District Judge:  Honorable Nitza I. Quiñones Alejandro

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 4, 2014

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: December 11, 2014)

_____

OPINION[*]
_____

PER CURIAM

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se litigant Edward Miller, proceeding in forma pauperis, appeals the District Court's order dismissing his complaint for failure to state a claim. For the reasons set forth below, we will summarily affirm the District Court's judgment.

Miller was convicted of Criminal Attempt to Commit Statutory Sexual Assault in 2004, following an internet "sting" operation executed by Appellee Detective Mary Anders. He is currently incarcerated at the State Correctional Institution in Waymart, Pennsylvania. The evidence adduced to obtain his conviction included chats that were stored on a hard drive and zip disc maintained by Detective Anders. After his direct appeal failed, Miller filed a petition for post-conviction relief. He claimed that the post-conviction attorney directed a computer forensics expert to examine the hard drive and zip disc that were submitted as evidence at Miller's trial. But when the expert arrived at the detective's office to do so, she was informed that the hard drive and zip disc had been destroyed. Miller's post-conviction petition was denied as untimely, the Superior Court affirmed the denial, and the Pennsylvania Supreme Court denied review.

Miller filed the complaint at bar pursuant to 42 U.S.C. § 1983, alleging that the disappearance of the hard drive and zip disc constituted intentional destruction of critical evidence that prevented him from proving his innocence and thus violated the Fourteenth Amendment. As defendants, Miller named Robert Falin, the Deputy District Attorney who represented the Commonwealth in its opposition to his post-conviction petition; Judge William Carpenter of the Montgomery County Court of Common Pleas, who

2

denied his post-conviction petition; the Commonwealth of Pennsylvania; and Detective Anders. He sought compensatory damages and a new trial as relief.[1]

The District Court dismissed the claims against the Commonwealth and Judge Carpenter sua sponte. The remaining defendants, Attorney Falin and Detective Anders, moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. They argued that Miller's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and that they were protected by prosecutorial and qualified immunity. The District Court agreed that Miller's claims were incurably barred by Heck, and granted the motion to dismiss with prejudice. Miller filed a timely notice of appeal. He also filed a motion to amend his complaint in this Court, in which he reduced the compensatory damages requested from $6.8 million to $366,000, and in which he argued that his complaint is not barred by Heck. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court correctly dismissed the complaint as barred by Heck. The Heck Court held that "when a state prisoner seeks damages in a § 1983 suit, the district

---

[1] Relief in the form of a new trial or a release from custody indicates a challenge to "the very fact or duration of [one's] physical imprisonment" and may be sought only through a petition for a writ of habeas corpus, not through a civil rights complaint such as the one at bar. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). We note that Miller has separately filed a petition for a writ of habeas corpus that is currently pending in the Eastern District of Pennsylvania. See Miller v. Pennsylvania, E.D. Pa., No. 2:13-cv-06224. In light of that action, we need not consider whether the § 1983 complaint at bar should instead be construed as a petition for a writ of habeas corpus.

3

court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Miller is a state prisoner seeking damages in a § 1983 suit. He contends that the Appellees failed to preserve exculpatory evidence that could have proven his innocence. In addition to damages, he wants a new trial. Because a judgment in his favor would necessarily imply the invalidity of his conviction, he must demonstrate that his conviction has been invalidated to proceed with his suit. See id. He has not done so. His complaint was thus rightly dismissed.

In his "Motion to Amend Appellant's 1983 Cause of Action Complaint" and the reply thereto, Miller argues that his complaint is outside Heck's purview because he is not questioning the validity of his conviction, but rather questioning the Appellees' destruction of exculpatory evidence. This characterization does not distinguish him from the complainant in Heck, who argued that two prosecutors and an investigator knowingly destroyed exculpatory evidence that could have proven his innocence. See id. at 479. The Supreme Court held that such an argument necessarily implied the invalidity of his conviction, and that principle clearly applies to Miller's complaint. See id. at 490.

We are satisfied that amendment to Miller's complaint would be futile, and we therefore conclude that the District Court properly dismissed the complaint with

4

prejudice.[2]  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Accordingly, we will summarily affirm the District Court's order.  See 3d Cir. L.A.R.

27.4; I.O.P. 10.6.  Miller's "Motion to Amend Appellant's 1983 Cause of Action

Complaint" is denied.

---

[2]  As to the claims against the Commonwealth and Judge Carpenter, we note that they also fail under Heck for the reasons described above.  Moreover, as the District Court rightly reasoned, Judge Carpenter and the Commonwealth enjoy immunity that shields them from Miller's claims.  See Gallas v. Supreme Court of Pennsylvania., 211 F.3d 760, 768 (3d Cir. 2000) (stating that judges are immune from suit under § 1983 for damages arising from their judicial acts); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (explaining that the Eleventh Amendment bars civil rights suits in federal court against the Commonwealth of Pennsylvania).