BLD-084                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2739
_____

LORENZO SIMS,
                    Appellant

v.

WEXFORD HEALTH SOURCES; CORIZON INC; DR. NANCY FLYNN
MCGARVIE, Medical Director; JAMIE FERDARKO, RN Supervisor; KIM SMITH,
CHCA; SUPERINTENDENT FOREST SCI; SCI FOREST; DR. SYMONS; GARY
PRINKLEY, RN Supervisor

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-14-cv-00108)
Magistrate Judge Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 17, 2015
Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  December 21, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Lorenzo Sims ("Sims") appeals from the judgment of the United States District Court for the Western District of Pennsylvania in his civil rights case. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Sims is a state prisoner housed at SCI-Forest, administered by the Pennsylvania Department of Corrections ("D.O.C."). Sims alleged that he is a paraplegic due to gunshot wounds, and that the spinal cord specialist who initially treated him diagnosed him "with severe spinal pain." Accordingly, Sims represented that the specialist prescribed Sims Oxycodone, and that three prisons Sims had been housed at continued to provide him with Oxycodone. Sims filed an amended complaint against SCI-Forest, contracted health care provider Wexford Health Sources, and former contractor Corizon, Inc. Sims also named Medical Director Dr. McGarvie; registered nurse supervisors Jamie Ferdarko and Gray Prinkley; Warden Michael Overmyer; Clinical Health Care Administrator Kim Smith; and Doctor Symons as defendants. (We refer to defendants SCI-Forest, Ferdarko, Prinkley, Smith, and Overmyer as the "D.O.C. Defendants.") Sims brought his claims under 42 U.S.C. § 1983. He stated he was denied Oxycodone, and alleged that the defendants: intentionally interfered with his serious medical needs; acted with deliberate indifference by terminating his previous course of treatment; and had an open practice, policy, or custom of being deliberately indifferent in order to save money.

The Court granted Wexford's and the D.O.C. defendants' motions to dismiss.[1]  The Court also dismissed defendants Corizon, McGarvie, and Symons pursuant to Federal Rule of Civil Procedure 4(m), because they were not served within 120 days of the date that the complaint was filed.[2]

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a district court's decision to grant a motion to dismiss under Rule 12(b)(6).  Keystone Redevelopment Partners, LLC v. Decker, 631 F.3d 89, 95 (3d Cir. 2011).  When reviewing a motion to dismiss, "we accept the factual allegations contained in the Complaint as true, but disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements."  James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007)).  A plaintiff must supply "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  We construe pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The District Court correctly dismissed all claims against SCI-Forest on the basis of Eleventh Amendment immunity.  Under the Eleventh Amendment, states and their

---

[1] The parties consented to have the case heard by a magistrate judge, pursuant to 28 U.S.C. § 636(c)(1).

[2] After filing this appeal, Sims filed a motion to reconsider and an amended complaint, and the District Court denied his motion as moot on August 7, 2015.  It also dismissed the amended complaint as moot.  However, Sims did not appeal from this order.  See Fed. R. App. P. 4(a)(4)(B)(ii).

agencies are immune from suits in federal court, unless Congress has overridden that immunity or the State has waived its immunity. See Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981) (citing Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). When enacting 42 U.S.C. § 1983, Congress did not override Pennsylvania's immunity from suit. See Quern v. Jordan, 440 U.S. 332, 340-45 (1979). Pennsylvania has expressly withheld its consent to be sued. 42 Pa. Cons. Stat. Ann. § 8521(b). The Pennsylvania D.O.C. is a state agency. 71 Pa. Cons. Stat. Ann. § 310-1. SCI-Forest is a part of the D.O.C.[3] Accordingly, SCI-Forest is immune from suit, and the District Court was correct in dismissing all claims against the prison.

The District Court correctly dismissed Sims's medical treatment deliberate indifference claims brought against defendants Smith and Ferdarko for failure to state a claim. First, deliberate indifference claims under the Eighth Amendment require allegations of a serious medical need for the prisoner, and "acts or omissions" by prison officials indicating deliberate indifference to that prisoner's need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference itself requires the "unnecessary and wanton infliction of pain." Id. at 104. A plaintiff's disagreement with a medical professional's judgment "does not state a violation of the Eighth Amendment." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Second, prison officials who are not doctors are not liable for responding directly to prisoner medical complaints where the prisoner is under the care of medical experts. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Where a

_____

[3] SCI-Forest, Pennsylvania Department of Corrections, http://www.cor.pa.gov/Facilities/StatePrisons/Pages/Forest.aspx#.VmctTdIrLcs (last visited Dec. 8, 2015).

prison official does not have reason to believe or lacks actual knowledge that a prisoner is being mistreated or not treated at all by medical experts, she does not have the "scienter" required for deliberate indifference. Id.

Sims's only allegation against defendant Ferdarko was that she commented on his previous drug offenses to defendant McGarvie. This alone does not state a violation of the Eighth Amendment. See Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Sims's claims against defendant Smith are based on the allegation that defendant McGarvie did not prescribe Sims Oxycodone. As a non-medical professional without reason to believe that Sims was being mistreated, defendant Smith was not liable for Sims's complaints. See Spruill, 372 F.3d at 236. Accordingly, the District Court correctly dismissed the claims as to these defendants.

The District Court correctly dismissed all claims against defendants Overmyer and Prinkley on the ground that they were not personally involved in depriving Sims of medication. Liability in a civil rights action cannot be based on respondeat superior alone, and defendants in such actions must be alleged to have had personal involvement in the wrongs complained of. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). If an official's only involvement is the investigation or adjudication of an inmate grievance after the event giving rise to the grievance has happened, that is not considered to be personal involvement. Id. at 1208. Defendant Overmyer is the warden of SCI-Forest, and defendant Prinkley is a supervisor. Sims's only allegations against defendants Overmyer and Prinkley are based on Overmyer's response to a letter from Sims and Prinkley's denial of one of his grievances. The District Court correctly held

5

that these allegations were insufficient to constitute personal involvement. Id. at 1207-08.

The District Court correctly dismissed Sims's claim that defendant Wexford had a policy, custom, or practice of denying inmates prescribed medical treatment in order to receive higher profits. While Wexford is a private entity, it is under contract with the state to provide medical services. We have previously held that a private health company providing service to inmates "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583 (3d Cir. 2003). In order to hold Wexford liable, Sims must have alleged facts to state a claim that Wexford had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue. Id. at 583-84.

Sims's only statements regarding Wexford's alleged policy, custom, and practice were "conclusory." See Iqbal, 556 U.S. at 678. Even construing his complaint liberally, accepting Sims's factual statements as true would have resulted in circular reasoning. His complaint stated that Wexford had an open practice, policy, or custom of deliberate indifference in order to save money. His statement of facts merely repeated this. As such, the District Court correctly dismissed Sims's claims against Wexford.

Finally, the District Court dismissed defendants Corizon, McGarvie, and Symons pursuant to Federal Rule of Civil Procedure 4(m). Sims provided mailing information to the United States Marshals, who effectuated service for him. Sims apparently provided the wrong mailing information for Corizon, McGarvie, and Symons to the Marshals, who could not serve the three defendants. The Court gave Sims two chances to provide

correct mailing information, and it does not appear from the record below that he ever did so. Sims attempts to provide evidence in support of his appeal, but we are bound by the record before us. See Landy v. FDIC, 486 F.2d 139, 150 (3d Cir. 1973); see also Fed. R. App. P. 10(a).

For the reasons stated above, we will summarily affirm the District Court's decision.