**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2281
_____

INELL FOYE,
                    Appellant

v.

WEXFORD HEALTH SOURCES INC.; MARK HALE, Corr. Care Sol.; PATRICK
CUMMISKEY, Dept. of Corr, SCI Coal Township; WARDEN VINCENT MOONEY,
SCI Coal Township; JODIE MARTINO, Corrections Health Care Administrator; CHRIS
T. YACKIEL, RN Supervisor; BRIAN DAVIS, Physicians Assistant; DORINA
VARNER, Chief Grievance Officer

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:14-cv-02478)
District Judge:  Honorable William J. Nealon, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 6, 2017

Before: SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Inell Foye, a prisoner confined at State Correctional Institution at Coal Township, Pennsylvania ("SCI-Coal Township") appeals pro se from the District Court's dismissal of his claims against the majority of the defendants and entry of judgment in favor of the remaining defendants. For the reasons that follow, we will affirm.

I

Foye filed a 42 U.S.C. § 1983 action relating to his treatment for repeated shoulder dislocations (which occurred on December 11, 2013, May 3, 2014, and August 13, 2014) while he was an inmate at SCI-Coal Township. Foye alleged deliberate indifference and negligence, and pendent state law claims of medical negligence and medical malpractice against (1) Wexford Health Sources, Inc., Mark Hale, and Brian Davis ("Medical Defendants"); (2) Vincent Mooney, Jodie Martino, Chris T. Yackiel, and Dorina Varner ("Corrections Defendants"); and (3) Patrick Cumminskey, Pennsylvania Department of Corrections, and SCI-Coal Township ("State Defendants").

The Corrections Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Medical Defendants filed a motion to dismiss or, in the alternative, for summary judgment pursuant to Rule 56. Foye requested, but did not receive, a stay pending receipt of the results of an MRI. The District Court instead granted the Medical Defendants' motion to stay discovery. The District Court dismissed the claims against the Corrections Defendants with prejudice, entered judgment in favor of the Medical Defendants, and declined to exercise supplemental jurisdiction over Foye's state law claims. In addition, the District Court screened and dismissed the claims

2

against the State Defendants pursuant to 28 U.S.C. § 1915A and 28 U.S.C.

§ 1915(e)(2)(B).  Foye appeals.[1]

## II

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over a District Court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6).  Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009).  To state a legally sufficient claim for relief, a plaintiff need only plead enough factual content, taken as true, to support "the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  We review a District Court's grant of summary judgment de novo.  Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007).  Summary judgment is proper where the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We review for abuse of discretion both the District Court's ruling on the motion for additional discovery pursuant to Rule 56(d) and the District Court's refusal to exercise supplemental jurisdiction.  Murphy v. Millennium Radio Grp. LLC, 650 F.3d 295, 310 (3d Cir. 2011); Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009).

---

[1] Foye also seeks the appointment of counsel.

# III

1. <u>Federal Claims</u>

a. <u>The Corrections Defendants</u>

We agree with the District Court that Foye failed to state a claim against the Corrections Defendants in their official capacities because the Eleventh Amendment bars suit. See <u>MCI Telecom. Corp. v. Bell Atl.-Pa.</u>, 271 F.3d 491, 503-04 (3d Cir. 2001); <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974); <u>see also</u> <u>Lavia v. Pennsylvania, Dep't of Corr.</u>, 224 F.3d 190, 195 (3d Cir. 2000).

Foye has also failed to state a claim against the Corrections Defendants in their individual capacities. He alleged that the Corrections Defendants violated his Eighth Amendment rights by denying his inmate request slip, grievances, and administrative appeals, but he did not allege that any of the Correctional Defendants were personally involved in his medical care. See <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be predicated on personal involvement, not on the basis of respondeat superior). Moreover, with the possible exception of Yackiel,[2] the Corrections Defendants are not physicians. In denying Foye's administrative remedies, the Corrections Defendants merely deferred to the judgment of medical personnel. See <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (3d Cir. 2004) ("If a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); <u>see also</u> <u>Durmer v. O'Carroll</u>, 991 F.2d

---

[2] Yackiel is the R.N. supervisor at SCI-Coal Township. It is unclear whether Yackiel has a medical degree.

64, 69 (3d Cir. 1993). Accordingly, Foye failed to state a claim against the Corrections

Defendants.

    b. <u>The Medical Defendants</u>

Although Foye challenges the grant of summary judgment in general, his main

claim is that the District Court ruled without granting his motion for the additional

discovery of the results from an MRI performed on May 4, 2015.[3] Rule 56(d) requires "a

party seeking further discovery in response to a summary judgment motion [to] submit an

affidavit specifying, for example, what particular information is sought; how, if

uncovered, it would preclude summary judgment; and why it has not previously been

obtained." <u>Dowling v. City of Philadelphia</u>, 855 F.2d 136, 139-40 (3d Cir. 1988)

(discussing the predecessor to Rule 56(d), Rule 56(f)). Except in rare cases, "failure to

comply with [Rule 56(d)] is fatal to a claim of insufficient discovery on appeal." <u>Bradley</u>

<u>v. United States</u>, 299 F.3d 197, 207 (3d Cir. 2002).

In his response to the Medical Defendants' motion, Foye requested a stay and

abeyance until he received the results of a recently administered MRI.[4] Foye did not

comply with Rule 56(d) in the District Court; he did not invoke the Rule or submit an

---

[3] In his brief, Foye also alleges that the District Court erred in failing to grant him discovery of the results of a CT scan. However, Foye did not request the results of a CT scan in the District Court, so we do not consider this claim. <u>Cf.</u> <u>Delaware Nation v. Pennsylvania</u>, 446 F.3d 410, 416 & n.9 (3d Cir. 2006).

[4] Foye's medical records from January 2013 through March 4, 2015, were attached to the Medical Defendants' motion.

affidavit to the District Judge. Thus, "as a procedural matter alone, [Foye] has failed to comply with the rule." Dowling, 855 F.2d at 140.

Even if we were to consider Foye's motion as an affidavit, we would conclude that the District Court did not abuse its discretion in ruling that additional discovery was not warranted. Foye claimed that "[t]he results from the MRI and [c]onsultation will reveal the nature and extent of the 'exact damage' of [his] right shoulder due to the recurrent dislocations and injuries sustained." This vague statement does not explain how the results of the MRI would demonstrate the defendants' deliberate indifference. See Hancock Indus. v. Schaeffer, 811 F.2d 225, 230 (3d Cir. 1987). The statement can be understood to suggest that Foye wanted to show that his recurrent shoulder injuries constituted a serious medical need. However, that fact was not in dispute. For these reasons, we conclude that the District Court did not abuse its discretion in deciding the summary judgment motion without allowing Foye to obtain the MRI results.

The District Court also properly granted summary judgment in favor of the Medical Defendants. Foye's claims against the Medical Defendants are based on his belief that he should have been treated through the immediate use of an MRI or an orthopedic consult. "Deliberate indifference" may be inferred when a prison official knows of a prisoner's need for medical treatment but intentionally fails to provide it; delays necessary medical treatment for a non-medical reason; or prevents a prisoner from receiving medical treatment that was needed or recommended. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). The record demonstrates that Foye was seen by prison staff within a day of his injuries or request for a medical visit. On each visit, prison staff

6

evaluated Foye and treated his injury. Foye's disagreement about his course of treatment, namely, that an MRI or consult should have been ordered, does not demonstrate that the Medical Defendants were deliberately indifferent to his medical needs. Mere disagreement as to the proper medical treatment will not support a claim under the Eighth Amendment. Spruill, 372 F.3d at 35. Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (citation omitted); see also White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) ("[N]o claim is stated when a *doctor* disagrees with the professional judgment of another doctor. There may, for example, be several acceptable ways to treat an illness.").

Additionally, Foye failed to allege any personal involvement by Hale. Hale, who is the President and CEO of Wexford Health, was not alleged to have any involvement in Foye's treatment other than through his supervisory position. See Polk County, 454 U.S. at 325.

c. The State Defendants

Similarly, the dismissal of the claims against Cumminskey, the President of Correctional Care Solutions, was proper as Foye failed to allege he was personally involved. See Polk County, 454 U.S. at 325. As the District Court concluded, SCI Coal-Township and the Pennsylvania Department of Corrections are entitled to Eleventh Amendment immunity from suit and are not persons subject to suit under 42 U.S.C. § 1983. See Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, the District Court properly dismissed the claims against the State Defendants for failing to state a claim upon which relief could be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

2. State Law Claims

Foye's remaining allegations of medical malpractice and medical negligence arise under state law, and the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Foye's state law claims in the absence of any actionable federal claim. See 28 U.S.C. § 1367(c); Elkadrawy, 584 F.3d at 174.

For the foregoing reasons, we will affirm the order of the District Court. We deny Foye's request for counsel.