**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-2316

———————

MATTHEW JONES,
                    Appellant

v.

KENT COUNTY SUPERIOR COURT, Delaware

———————————————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-00394)
District Judge:  Honorable Richard G. Andrews

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2018
Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed:  May 4, 2018)

———————

OPINION*

———————

PER CURIAM

        Pro se Appellant Matthew Jones appeals from the dismissal of his complaint as

frivolous, and because it sought monetary relief against a defendant who is immune from

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).[1]  We have jurisdiction under 28 U.S.C. § 1291.  For the following reasons, we will vacate the judgment, and remand for further proceedings.

Jones filed a complaint seeking $2 billion in damages against the Kent County Superior Court of Delaware for violations of his rights stemming from two involuntary civil commitment hearings allegedly held "in absentia" on February 10th and 17th, 2017.[2]  At the time of the hearings, Jones was being held at Dover Behavioral Health.  The Superior Court issued orders requiring Jones to continue treatment for his schizophrenia, to take medication, and to see a psychiatrist.  As a basis for his action, Jones lists a multitude of criminal and civil statutes, including 18 U.S.C. §§ 594, 1583 & 2251 ("Intimidation of voters," "Enticement into slavery," and "Sexual exploitation of children"), and the first fifteen amendments to the U.S. Constitution, none of which he relates to the allegations in his complaint.  He alleges that he has been "injured from head to toe" and that the "antipsychotics given to me poisoned my whole body and brain."

---

[1] Jones was granted in forma pauperis (IFP) status pursuant to 28 U.S.C. § 1915.

[2] According to the complaint, on January 31, 2017, Jones' mother called the Delaware State Police and Recovery Innovations International (RI), an organization specializing in crisis, health, and recovery, for a "psych evaluation."  He was arrested and held for 12 hours at Seaford Nanticoke Hospital, transferred to RI for a period of 24 hours, and was then transferred to Dover Behavioral Health System, a private psychiatric facility, where he remained until February 22, 2017.

2

Upon de novo review,[3] we agree with the District Court that Jones' claims are barred by the Eleventh Amendment, which protects a state or state agency from suit, unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981). The Delaware Constitution vests the State's judicial power, in part, in the Superior Court, see Del. Const. art. IV § 1, and thus it is an "arm of the state" entitled to immunity from suit. See Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989) (en banc) (a state agency or department is an "arm of the state" when a judgment against it "would have had essentially the same practical consequences as a judgment against the State itself") (citation omitted). Because Delaware has not waived its Eleventh Amendment immunity, the claims against the Superior Court were subject to dismissal under § 1915(e)(2)(B)(iii).

Although we agree with this disposition, we disagree with the District Court's determination that amendment would necessarily be futile.[4] We recognize that the complaint contains fanciful allegations and untenable theories of liability; however, it must be read in light of Jones' pro se status. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (stating the general rule that courts are to liberally construe pro se

---

[3] See Dotzel v. Ashbridge, 438 F.3d 320, 324-25 (3d Cir. 2006) (exercising de novo review over a district court's legal determination regarding immunity).
[4] We review de novo the District Court's futility determination. See Maiden Creek Assocs. v. U.S. Dep't of Transp., 823 F.3d 184, 189 (3d Cir. 2016).

3

litigants' pleadings). Jones states that the civil commitment hearings were held "without my presence. I was unable to attend. They were held with me in [a]bsentia." Construed liberally, the complaint can be read to state that Jones was deprived of an opportunity to be heard at these proceedings. Such allegations, if further developed, may state a claim for relief that is not facially frivolous. See Vitek v. Jones, 445 U.S. 480, 491-92, 494-95 (1980) (recognizing "that for the ordinary citizen, commitment to a mental hospital produces 'a massive curtailment of liberty,' and in consequence 'requires due process protection'" including a hearing at which the individual has an opportunity to be heard and present evidence) (internal citation omitted); Washington v. Harper, 494 U.S. 210, 235 (1990) (noting that, to comport with due process, a civil commitment hearing must provide the opportunity to be heard "at a meaningful time and in a meaningful manner") (citation omitted); cf. Benn v. Universal Health Sys., Inc., 371 F.3d 165, 174 (3d Cir. 2004) (noting that "in an emergency situation, a short-term [civil] commitment without a hearing does not violate procedural due process") (emphasis added). If Jones can amend his complaint to add a proper defendant and provide specific details that will enable assessment of the claim, it may survive dismissal.[5] Thus, we cannot say that amendment would be futile as to this claim.[6]

---

[5] We note that, to survive dismissal under § 1915(e)(2)(B), Jones must plead additional "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[6] In light of our disposition, we need not address the District Court's failure to provide a sufficient basis for review of its determination that the complaint was subject to dismissal as frivolous under § 1915(e)(2)(B)(i).

In light of the foregoing, while we express no view as to whether Jones will ultimately plead any meritorious claims, we conclude that the District Court erred in determining that providing Jones leave to amend the complaint would be futile. Accordingly, we will vacate the District Court's order dismissing the case and remand for further proceedings consistent with this opinion.[7]

---

[7] While the appeal was pending, the District Court denied Jones' post-judgment motions, including one which possibly could be construed as a timely motion for reconsideration of the dismissal order. However, as Jones never filed an amended notice of appeal, the order denying those motions is not before this Court. See Fed. R. App. P. 4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).