CLD-259                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2538

_____

VALERYA MCGRIFF,
Appellant

v.

STATE CIVIL SERVICE COMMISSION;
DEPARTMENT OF PUBLIC WELFARE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-07608)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
and Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 19, 2016

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  May 25, 2016)

_____

OPINION*

_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On December 26, 2013, pro se appellant Valerya McGriff commenced this action pursuant to 42 U.S.C. § 1983 in the District Court against her former employer, the Pennsylvania Department of Public Welfare, and the State Civil Service Commission (together, the "Commonwealth Defendants"). In the complaint, McGriff claimed that on August 2, 2011, the Commonwealth Defendants had unlawfully terminated her in violation of her rights under the Fifth and Fourteenth Amendments. By way of relief, McGriff requested back pay and a "Notice of Termination/Removal" that complied with internal regulations. She also stated that she wanted personal belongings that she was not allowed to retrieve on August 2, 2011, mailed to her.

The Commonwealth Defendants moved to dismiss the complaint on the ground that, inter alia, they were immune from suit under the Eleventh Amendment.[1] See Fed. R. Civ. P. 12(b)(1). By order entered December 18, 2014, the District Court granted the motion and dismissed the complaint. McGriff timely moved for reconsideration, but the District Court denied her request. McGriff now appeals from the District Court's orders.

---

[1] The Commonwealth Defendants sought dismissal on the additional grounds that they were not amenable to suit under 42 U.S.C. § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 69-71 & n.10 (1989); McGriff's claims were barred under the analogous Pennsylvania statute of limitations, see Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000); and that McGriff could not state a Fifth Amendment claim against the Commonwealth Defendants, see B&G Constr. Co. v. Dir., Office of WC Programs, 662 F.3d 233, 246 n.14 (3d Cir. 2011). Because we agree that McGriff's claims are barred by the Eleventh Amendment, we need not reach these alternative arguments.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291[2] and exercise plenary review over the District Court's orders.[3] See Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 197 (3d Cir. 2008). We review de novo the dismissal of a complaint under Rule 12(b)(1). Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009). We consider whether the allegations in the complaint, taken as true, allege facts sufficient to invoke the District Court's jurisdiction. Id. We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Upon review, we see no error in the District Court's decision to dismiss the complaint. It is well established that the Eleventh Amendment generally bars a civil rights suit in federal court that names the state as a defendant, even a claim seeking injunctive relief. Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981). While a state may consent to be sued in federal court, Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000), Pennsylvania has specifically withheld consent, 42 Pa. Cons. Stat. Ann.

---

[2] Although we initially identified a potential jurisdictional defect in this appeal, the District Court subsequently reopened the time for McGriff to appeal. See Fed. R. App. P. 4(a)(6). McGriff subsequently submitted a timely notice of appeal. Therefore, we may now assert jurisdiction over the District Court's orders.

[3] An appeal from the denial of a timely motion for reconsideration also "brings up the underlying judgment for review." Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986).

3

§ 8521(b).  The Eleventh Amendment bar extends to the agencies sued here, the Pennsylvania Department of Public Welfare and the State Civil Service Commission, because they perform the "executive and administrative work of the Commonwealth." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254-55 (3d Cir. 2010) (quoting 71 Pa. Cons. Stat. Ann. § 61).  Accordingly, the District Court correctly concluded that the Commonwealth Defendants are immune from this suit, and properly dismissed the complaint.[4]  The District Court also properly denied McGriff's motion for reconsideration.  See Fed. R. Civ. P. 59(e); Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.") (internal quotation marks omitted).

Because this appeal presents no substantial question, we will summarily affirm the District Court's orders.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[4] Generally, a district court should provide a plaintiff an opportunity to amend her complaint before granting a defendant's motion to dismiss.  We note, however, that we do not see how McGriff could have amended her complaint to overcome the Eleventh Amendment immunity bar.  Therefore, any amendment would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Furthermore, McGriff did have an opportunity to voice her opposition to dismissal when she responded to the Commonwealth Defendants' motion.