DLD-246                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1301
_____

OC SORRELLS,

Appellant

v.

PHILADELPHIA POLICE DEPARTMENT; PHILADELPHIA PARKING
AUTHORITY; PHILADELPHIA TRAFFIC COURT; PENNSYLVANIA
DEPARTMENT OF TRANSPORTATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:15-cv-05558)
District Judge: Honorable Gerald A. McHugh
_____

Submitted for Possible Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
May 12, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit Judges</u>

(Opinion filed: June 15, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

O.C. Sorrells appeals pro se and in forma pauperis from the District Court's order dismissing his complaint. On appeal, certain appellees have moved that we summarily affirm the District Court's dismissal order. For the reasons discussed below, we will grant the motion and will affirm the District Court's dismissal of the complaint against all of the defendants.

Sorrells brought suit in the District Court7 against the Philadelphia Police Department, the Pennsylvania Department of Transportation, the Philadelphia Traffic Court, and the Philadelphia Parking Authority. Sorrells alleged that he was unlawfully detained and that his vehicle was unlawfully confiscated on the ground that his vehicle's license plates were obstructed. The Philadelphia Police Department, the Pennsylvania Department of Transportation, and the Philadelphia Traffic Court filed motions to dismiss the complaint; the Philadelphia Parking Authority, for its part, was never served. After Sorrells failed to respond to the motions, the District Court granted each motion on the ground that it was uncontested, and on the alternative grounds that Sorrells had not sued proper, non-immune defendants. The District Court also sua sponte dismissed the claims against the Philadelphia Parking Authority pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) on the ground that those claims were frivolous. All dismissals were with prejudice.

Sorrells appealed. On appeal, the Philadelphia Traffic Court filed a motion to summarily affirm, in which the Pennsylvania Department of Transportation subsequently joined. Sorrells then filed a response opposing summary affirmance of the District Court's dismissal of all of the defendants.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We apply the same de novo standard of review to the grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and to a sua sponte dismissal pursuant to § 1915(e)(2). See, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Because Sorrells proceeded pro se in the District Court, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). We may summarily affirm a District Court's order if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

There is no substantial question that in this case Sorrells cannot bring a federal civil rights action against the Philadelphia Police Department, the Pennsylvania Department of Transportation, and the Philadelphia Traffic Court. First, as the District Court correctly observed, the Philadelphia Police Department is not a proper party, as a suit against a municipal agency should name the municipality itself. See Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("[W]e treat the municipality and its police department as a single entity for purposes of section 1983 liability."). But even construing Sorrells' complaint as against the City of Philadelphia, Sorrells did not plead

3

that any municipal policy, custom, or practice led to the purported constitutional violations at issue, as a viable municipal liability claim requires. See Connick v. Thompson, 563 U.S. 51, 60-61 (2011).

Second, the District Court was also correct to conclude that the Eleventh Amendment bars the suit against the Pennsylvania Department of Transportation and the Philadelphia Traffic Court, because those are state entities. See Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981). To attempt to overcome those entities' sovereign immunity, Sorrells appears to argue that they were engaged in "commercial activity" of some kind. But nothing in Clearfield Trust Co. v. United States, 318 U.S. 363 (1943), Bank of the United States v. Planters' Bank, 22 U.S. (9 Wheat.) 904 (1824), or any other case that Sorrells cites holds that sovereign immunity is lost simply because imposing fines is purportedly some manner of commercial activity, as Sorrells apparently argues.

There is also no substantial question that the District Court was correct to sua sponte dismiss the case against the Philadelphia Parking Authority. A complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Sorrells' asserted legal basis for the contention that the Philadelphia Parking Authority seized his vehicle illegally is that the relevant vehicle-registration-plate law did not apply to him because of his purported status as a "Moorish American National." That legal theory is indisputably meritless. Cf. United States v. Anzaldi, 800 F.3d 872, 878 (7th Cir. 2015) (discussing a belief with "no legal support" that a defendant's "ancestors came

4

from Africa, that he is therefore a Moorish national, and that as a result he need obey only those laws mentioned in an ancient treaty between the United States and Morocco."); United States v. Frazier-El, 204 F.3d 553, 569 (4th Cir. 2000) ("The argument that Frazier–El sought to advance on his behalf (that the court lacked jurisdiction over him as a Moorish national) was indeed a frivolous one.").

Finally, the District Court was also correct to dismiss the case with prejudice because the jurisdictional and pleading defects in this case are incurable. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Because the appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.