**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2317

_____

MATTHEW JONES,
                                   Appellant

v.

HARRINGTON DELAWARE POLICE DEPARTMENT;
JUSTICE OF THE PEACE NUMBER 6, in Kent County, Delaware

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-00395)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 12, 2018
Before:  VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed:  July 16, 2018)

_____

OPINION*

_____

PER CURIAM

        Pro se Appellant Matthew Jones appeals from the dismissal of his complaint as

frivolous, and because it sought monetary relief against a defendant who is immune from

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

such relief. See 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).[1] For the following reasons, we will affirm the judgment.

Jones filed a complaint seeking $7 billion in damages against the Harrington Police Department and the Justice of the Peace Court No. 6. He alleged that on September 23, 2016, an officer from the Harrington Police Department pulled over his vehicle because he was not wearing a seatbelt. He maintains that he informed the officer that he "desperately needed medical treatment," and that he had been the victim of numerous crimes, including that he was kidnapped at birth and held captive for thirty years by Linda C. Jones (who is listed on his birth certificate as his mother), and that there had been numerous attempts on his life. The officer offered to call a "Mental Health Ambulance," which Jones declined. The complaint alleges that the officer issued Jones a ticket, rather than investigate the crimes against him.

Jones also alleged that the Justice of the Peace Court "completely ignored crimes committed against me," including that he was used as "a sex slave for the police, law enforcement, the criminal justice system, politicians, government officials and criminals." Jones asserts that he has suffered injuries as a result of the crimes against him. As a basis for his action, he lists a multitude of criminal and civil statutes, including 18 U.S.C. §§ 594, 1583 & 1589 ("Intimidation of voters," "Enticement into slavery," and

---

constitute binding precedent.
[1] Jones was granted in forma pauperis (IFP) status pursuant to 28 U.S.C. § 1915.

"Forced labor"), and the first fifteen amendments to the U.S. Constitution, none of which he relates to the allegations in his complaint.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over dismissals under § 1915(e)(2)(B)(i), see Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), and over legal determinations regarding immunity, see Dotzel v. Ashbridge, 438 F.3d 320, 324-25 (3d Cir. 2006). A complaint is frivolous where it relies on an "indisputably meritless legal theory," such as where the defendants are "immune from suit." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

To the extent Jones sought to impose liability on the Harrington Police Department for the acts of its police officers, the District Court properly determined that the claim lacks a basis in law. The Police Department cannot be held liable in a § 1983 action on a theory of respondeat superior, and Jones failed to allege facts demonstrating the existence of a municipal policy or custom that led to the alleged constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Mulholland v. Gov't Cty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013).

We also agree with the District Court that Jones' claims against the Justice of the Peace Court are barred by the Eleventh Amendment, which protects a state or state agency from suit, unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981). The Justice of the Peace Court is a "court[ ] of record" in Delaware, vested with judicial

3

power by the Delaware Constitution, see Del. Const. art. IV § 1. Shoemaker v. State, 375 A.2d 431, 439 n.12 (Del. 1977). As such, it is an "arm of the state" entitled to immunity from suit. See Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989) (en banc) (a state agency or department is an "arm of the state" when a judgment against it "would have had essentially the same practical consequences as a judgment against the State itself") (citation omitted). Because Delaware has not waived its Eleventh Amendment immunity, the claims against the Justice of the Peace Court No. 6 were subject to dismissal under § 1915(e)(2)(B)(iii).

We perceive no error in the District Court's determination that amendment of the complaint would have been futile, as there are no factual allegations from which we can infer that Jones could have an actionable claim for relief. See Maiden Creek Assocs. v. U.S. Dep't of Transp., 823 F.3d 184, 189 (3d Cir. 2016) (noting that review of a district court's futility determination is de novo). Nor, in light of the foregoing, do we find error with its decision to decline to exercise supplemental jurisdiction over any alleged state law claims. See 28 U.S.C. § 1367; see also Maher Terminals, LLC v. Port Auth. of N.Y. & N.J., 805 F.3d 98, 104 (3d Cir. 2015).

Accordingly, we will affirm the District Court's judgment.