**ALD-219**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1463
_____

SHAWN DOUGLAS LITTLE,
                                                    Appellant
v.

GREGORY J. HAMMOND;
37TH JUDICIAL DISTRICT OF PENNSYLVANIA
WARREN COUNTY COURTHOUSE;
EVA C. STROUP; ANDMORGAN C. THOMAS;
SHAWN M. ESTES

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 16-cv-00107)
Magistrate Judge:  Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 24, 2018

Before: MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: August 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Shawn Douglas Little appeals from the order of the United States District Court for the Western District of Pennsylvania dismissing his civil action. Little's complaint contained allegations of conspiracy, illegal actions, constitutional violations, and other wrongdoing relating to his criminal and child custody proceedings in the Warren County Court of Common Pleas, the 37th Judicial District of Pennsylvania ("the 37th Judicial District"). We will affirm.

We briefly summarize Little's complaint. The defendants include the 37th Judicial District and Judge Gregory J. Hammond. Judge Hammond presided over several of Little's criminal proceedings. According to Little, Judge Hammond was displeased by Little's acquittal in one case, leading to retaliation against Little and civil liberties deprivations. As an example, Little stated that, at a hearing on post-sentence motions, Judge Hammond entered a sentencing condition that he have no contact with his children, evidencing gender-based discrimination in favor of Little's former wife, Eva Stroup. Little also named Stroup as a defendant, because the prosecution argued for the sentencing condition upon Stroup's request. Little also named as a defendant Shawn M. Estes, the presiding hearing officer in the child custody dispute, who allegedly altered or omitted hearing testimony from a transcript when issuing his case report in order to deprive Little of his constitutional rights. As for the 37th Judicial District, Little asserted that it allowed the constitutional violations to occur. Lastly, Little included among the defendants Andmoragan Thomas, who was Judge Hammond's law clerk during Little's

2

criminal proceedings; Thomas later began employment with the law firm representing Judge Hammond, and she also became Stroup's attorney in the child custody dispute.

Little alleged that the defendants acted in concert and were responsible for loss of liberty, libel and discrimination, due process and equal protection violations, and "vindictive persecution/prosecution." (Complaint ¶III.) As relief, Little sought a cease and desist order, change of venue of his state court proceedings to a court outside of Warren County, sanctions imposed on the defendants, and damages.

All of the defendants filed motions to dismiss, and Little filed responses to each motion. The parties consented to proceed before a Magistrate Judge under 28 U.S.C. § 636(c)(1). The Magistrate Judge granted the motions to dismiss and dismissed all of Little's claims. The Magistrate Judge concluded that Judge Hammond, Hearing Officer Estes, and the 37th Judicial District were entitled to judicial immunity, and that Thomas was entitled to quasi-judicial immunity for actions taken during her employment as Judge Hammond's law clerk. Concerning Stroup and Thomas, the Magistrate Judge concluded that Little's claims failed because they are not state actors for purposes of liability under 42 U.S.C. § 1983, and because the allegations were insufficient to state a claim for relief. This appeal followed.

First, we consider the question of our appellate jurisdiction. Initially, it appeared that Little's notice of appeal was untimely, as it was filed beyond the time allowed under Federal Rule of Appellate Procedure 4(a)(1)(A). Because Little's notice of appeal contained allegations and exhibits germane to the question of timeliness, we held this

3

appeal in abeyance and remanded the matter to the District Court for determination whether cause existed to extend or reopen the time for filing a notice of appeal pursuant to Rule 4(a)(5) or Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Following an evidentiary hearing and consideration of supplementary record materials submitted by Little, the Magistrate Judge granted relief under Rule 4(a)(5). In light of this ruling, the timing of Little's notice of appeal no longer presents a jurisdictional hurdle.

We have appellate jurisdiction pursuant to 28 US.C. § 1291. We exercise plenary review over the District Court's dismissal order. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Upon review, we conclude that the District Court's dismissal of the complaint was appropriate. It is well-settled that a judge is immune from suit for monetary damages arising from judicial acts, unless those actions are "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Little's complaint concerns Judge Hammond's actions while engaging in judicial actions as a state court judge, and Judge Hammond is immune from suit. Indeed, Little conceded this point in his response in opposition to Thomas's motion to dismiss. (See Response, Docket #42 at

4

3.) To the extent that Little's complaint sought injunctive relief, such relief is foreclosed by the text of § 1983. See 42 U.S.C. § 1983; Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (explaining that "injunctive relief shall not be granted" in a § 1983 action against a state or federal judicial officer "for an act or omission taken in such officer's judicial capacity. . . unless a declaratory decree was violated or declaratory relief was unavailable"). Also, we agree that Thomas is entitled to immunity for actions taken in her capacity as Judge Hammond's law clerk, see, e.g., Gollomp v. Spitzer, 568 F.3d 355, 365 (2d Cir. 2009), and that Estes has immunity for actions taken while conducting proceedings as a hearing officer assigned to Little and Stroup's child custody case, see Hughes v. Long, 242 F.3d 121, 126 (3d Cir. 2001); Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000).

We conclude that dismissal of the complaint as to the 37th Judicial District was appropriate, but for different reasons. Absent a state's consent, the Eleventh Amendment generally bars a civil rights suit in federal court that names the state as a defendant; Pennsylvania specifically has withheld consent pursuant to 42 Pa. Cons. Stat. Ann. § 8521(b). See Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). As argued by the 37th Judicial District, Pennsylvania's judicial districts are entitled to Eleventh Amendment immunity. See Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008); Benn v. First Judicial Dist. of Pa., 426 F.3d. 233, 240-41 (3d Cir. 2005) (recognizing that Pennsylvania judicial districts are state entities). Moreover,

5

the 37th Judicial District is not a "person" subject to suit under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 69 (1989).

We now turn to the remaining allegations concerning Thomas and Stroup.  Little did not contend that they are state actors for purposes of § 1983 liability.  Rather, Little alleged that they acted under color of state law by virtue of a conspiracy with the state court defendants.  Although a private party who conspires with a state official to act in violation of another's constitutional rights can be liable under § 1983, proof of the conspiracy is required to show that the private party acted under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).  We agree with the Magistrate Judge's conclusion that Little's complaint did not present a sufficient factual basis for a civil rights conspiracy claim concerning Thomas or Stroup.  In support of his allegation that Thomas and Stroup acted in concert with Judge Hammond, Little cited Thomas's employment history with Judge Hammond, her attorney-client relationship with Stroup, and her employment with the same law firm that represents Judge Hammond.  Little's description of the Thomas's and Stroup's actions does not support an inference that they had formed a conspiratorial agreement with Judge Hammond, which is required to properly plead the existence of an unconstitutional conspiracy.  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010).  As alleged in his pleadings, Little's conspiracy claim appears to stem from his suspicions arising from Thomas's employment history.  However, speculations do not suffice for pleading the existence of a conspiracy between a private party and a judge, even when a "strong

6

appearance of impropriety" is suggested. See id. at 178-79 (distinguishing Dennis v. Sparks, 449 U.S. 24 (1980), noting the absence of allegations of specific conduct by the private parties that caused the judges to enter into a conspiracy).

Furthermore, we note that Little alleged that "the defendants" engaged in a cover-up concerning what transpired at the hearing before Hearing Officer Estes, for which the record of proceedings was lost or destroyed. (Mem. In Support of Complaint, unnumbered p.13.) Aside from stating that "the defendants" notified the presiding judge that the recording was unavailable, Little does not allege any specific conduct by Thomas or Stroup to support an inference that they formed a conspiratorial agreement with Estes or another judicial defendant. See Dennis, 449 U.S. at 28 ("merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge").

Because no substantial question is presented in this appeal, we will affirm the judgment entered in the District Court. See Third Circuit LAR 27.4; I.O.P. 10.6.