**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1564

_____

MATTHEW JONES,
                              Appellant

v.

ATTORNEY GENERAL OF THE STATE OF DELAWARE;
THE STATE OF DELAWARE; DEPARTMENT OF JUSTICE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-00995)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2018
Before:  SHWARTZ, KRAUSE, and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 17, 2018)

_____

OPINION[*]

_____

PER CURIAM

    Pro se Appellant Matthew Jones appeals from the dismissal of his complaint as

frivolous, and because it sought monetary relief against a defendant who is immune from

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).[1]  For the following reasons, we will affirm the judgment.

Jones filed a complaint seeking $2 billion in damages against the Attorney General of Delaware, the State of Delaware, and the Delaware Department of Justice.  As the District Court noted, the complaint is a "rambling, disjointed biography of Jones' life," in which he claims that he was kidnapped by the Delaware State Police at birth, and has been "imprisoned illegally" since then for "sexual reasons."  He claims that the defendants have "attempted to murder me and assaulted me," and are responsible for his "misdiagnosis [as suffering from schizophrenia] and malicious care."  As a basis for his action, he lists two criminal statutes, 18 U.S.C. §§ 1035 ("False statements relating to health care matters") & 2251 ("Sexual exploitation of children"), and the Fifth Amendment to the U.S. Constitution.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise de novo review over dismissals under § 1915(e)(2)(B)(i), <u>see</u> <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir. 2003), and over legal determinations regarding immunity, <u>see</u> <u>Dotzel v. Ashbridge</u>, 438 F.3d 320, 324-25 (3d Cir. 2006).  A complaint is frivolous where it relies on an "indisputably meritless legal theory," such as where the defendants are "immune from suit."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

We agree with the District Court that Jones' claims against the defendants are barred by the Eleventh Amendment, which protects a state or state agency from suit,

---

[1] Jones was granted in forma pauperis (IFP) status pursuant to 28 U.S.C. § 1915.

unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (concluding that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different than a suit against the state itself). Because Delaware has not waived its Eleventh Amendment immunity, the claims against these defendants were subject to dismissal under § 1915(e)(2)(B)(iii).

We perceive no error in the District Court's determination that amendment of the complaint would have been futile, as there are no factual allegations from which we can infer that Jones could have an actionable claim for relief. See Maiden Creek Assocs. v. U.S. Dep't of Transp., 823 F.3d 184, 189 (3d Cir. 2016) (noting that review of a district court's futility determination is de novo).

Based on the foregoing, we will affirm the District Court's judgment.