ALD-203                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1431
_____

MATTHEW JONES,
                                        Appellant

v.

DELAWARE STATE POLICE HEADQUARTERS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-18-cv-01379)
District Judge:  Honorable Richard G. Andrews

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 30, 2019
Before:  MCKEE, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 1, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Matthew Jones, a self-represented litigant, appeals from the District Court's order dismissing his complaint. We will summarily affirm the dismissal for the reasons set forth by the District Court.

In his complaint, which he was granted leave to prosecute in forma pauperis, Jones asserted federal question jurisdiction and the existence of a federal defendant (though there was no federal defendant named). Jones sought ten billion dollars in damages for injuries he allegedly suffered at the hands of the Delaware State Police – from birth to present – as a result of repeated rapes, the forcible injection of antipsychotic drugs, and involuntary hospitalization. He also sought the recusal of the assigned District Judge.

In a Memorandum Opinion and Order entered on February 12, 2019, the District Court denied Jones' recusal motion and, after screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), determined that defendant Delaware State Police was immune from suit under the Eleventh Amendment. Accordingly, the court dismissed the complaint as "mostly frivolous and, to the extent not clearly frivolous, based upon Defendant's immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii)." See Mem. Op. at 7. The District Court stated that the dismissal was without prejudice to Jones' amending the complaint within 21 days. Jones, rather than amending, filed a notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291, and conclude that the District Court did not err in dismissing Jones' complaint.[1] The Supreme Court has long recognized that

---

[1] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the

2

the Eleventh Amendment protects states and their agencies from suit in federal court regardless of the type of relief sought. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). As the District Court correctly noted, "[a]bsent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant . . . ." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court and Congress has not abrogated its sovereign immunity. See Quern v. Jordan, 440 U.S. 332, 345 (1979). The District Court thus appropriately dismissed the complaint.

We next consider whether the District Judge should have recused himself pursuant to 28 U.S.C. § 455. Jones requested that the District Judge recuse because he refused to order the United States Marshal to make service of the summons and complaint. Jones further asserted that the District Judge "took no action on his behalf" despite being provided with evidence that he "remain[s] kidnapped, raped and poisoned under a false

---

cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). The order will be final and appealable, however, if the plaintiff "declares his intention to stand on his complaint." Id. at 951–52. Although there is no "clear rule for determining when a party has elected to stand on his or her complaint," Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009), this Court has exercised jurisdiction when the plaintiff failed to amend within the time provided by the District Court. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (concluding that, because plaintiff did not move to amend within the time allotted by the district court, plaintiff "elected to stand on his complaint"). Here, Jones did not file an amended complaint within the three-week period provided by the District Court. Instead, Jones filed his notice of appeal. Thus, pursuant to Batoff, the District Court's February 12th order "became final after [21] days," and "by failing to move to amend within the [21] days granted by the court, [he] elected to stand on his complaint." Id. The District Court has made the same determination and recently entered an order directing that the action be closed.

3

identity." See Recusal Mot. at 1. Jones' arguments indicate a mere dissatisfaction with the District Court's rulings against him, which is not a proper basis for recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ."). We thus conclude that Jones has not set out any basis for recusal in his references to the District Court's actions.

Accordingly, because this appeal presents no substantial issue, we will summarily affirm the District Court's order of dismissal. See Third Circuit LAR 27.4 and I.O.P. 10.6.